No. 14-16514

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

KIRK C. FISHER,

Plaintiff-Appellant,

v.

LOUIS KEALOHA, et al.

Defendants-Appellees.

---

On Appeal from the United States District Court
for the District of Hawaii
Civil Case No. 11-00589 (The Honorable Alan C. Kay)

---

## APPELLANT'S EXCERPTS OF RECORD

---

LAW OFFICES OF DONALD L. WILKERSON
DONALD L. WILKERSON
1003 Bishop Street, Suite 703
Honolulu, Hawaii 96813
Telephone: (808) 533-4447; Email: don@allislandslaw.com

TE-HINA ICKES
1003 Bishop Street, Suite 703
Honolulu, Hawaii 96813
Telephone: (808) 533-4447; Email: tehina@gmail.com

ALAN BECK
4780 Governor Drive
San Diego, California 92122
Telephone: (808) 295-6733; Email: ngord2000@yahoo.com

*Attorneys for Plaintiff-Appellant*

# INDEX

**Page**

ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,
MOTION FOR RECONSIDERATION (ECF DOCUMENT 137)..……..........1 - 53

NOTICE OF APPEAL (ECF DOCUMENT 139)..........................................54 - 55

DOCKET…………………….......................................................................56 - 84

CERTIFICATE OF SERVICE................................................................................85

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
―――――――――――――――――――――――    )
KIRK C. FISHER,               )
                             )
        Plaintiff,           )
                             )
    vs.                      )    Civ. No. 11-00589 ACK-BMK
                             )
LOUIS KEALOHA, as an individual )
and in his official capacity as )
Honolulu Chief of Police, PAUL )
PUTZULU, as an individual and in)
his official capacity as former )
acting Honolulu Chief of Police,)
and CITY AND COUNTY OF HONOLULU,)
                             )
        Defendants.          )
―――――――――――――――――――――――    )
```

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, MOTION FOR RECONSIDERATION

PROCEDURAL BACKGROUND

On September 28, 2011, Plaintiff Kirk Fisher filed a
Complaint against Defendants Louis Kealoha, Paul Putzulu, the
City and County of Honolulu ("City"), and the Honolulu Police
Department ("HPD"). (Doc. No. 1.) Plaintiff asserted two claims
against Defendants for alleged violations of his Second, Fifth,
and Fourteenth Amendment rights regarding his firearms and
attempt to obtain a firearms permit. (Compl. ¶¶ 47-57.)

On December 9, 2011, and January 24, 2012,
respectively, the City and Kealoha filed motions for "partial"
dismissal of the Complaint. (Doc. Nos. 6 & 16.) On April 19,

2012, the Court issued an order that (1) dismissed the claims against the City without prejudice; (2) dismissed part of Plaintiff's claims against Kealoha without prejudice; (3) dismissed all claims against HPD with prejudice; and (4) dismissed Plaintiff's Fifth Amendment claims with prejudice. (Doc. No. 25.)

On June 14, 2012, Plaintiff filed the operative Amended Complaint against Kealoha as an individual and in his official capacity, Putzulu as an individual and in his official capacity, and the City.[1/] (Doc. No. 31.) The Amended Complaint contains the following two counts: "Count I - The Second and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 Against All Defendants," and "Count II - The Fourteenth Amendment[] to the United States Constitution and 42 U.S.C. § 1983 Against All Defendants." (Id.)

On March 19, 2012, Plaintiff filed a Motion for Preliminary Injunction. (Doc. No. 18.) On June 29, 2012, the Court issued an order granting Plaintiff's Motion for Preliminary Injunction ("2012 Preliminary Injunction Order"). (Doc. No. 35.)

---

[1/]Defendant Putzulu has not been served with the Amended Complaint or appeared in this action. (See Doc. No. 31-2 and Doc. Nos. 31-135.) At the September 17, 2013 hearing for Plaintiff's Motion for Summary Judgment and Motion for Permanent Injunction, Plaintiff's counsel voluntarily dismissed Putzulu from this suit. The Court notes, however, that Plaintiff has not filed a Notice of Dismissal. Accordingly, the Court directs Plaintiff to file a Notice of Dismissal, dismissing Putzulu from this action.

The Court's injunction directed Kealoha to "rescind the prior denial of Plaintiff's permit to acquire firearms and to issue a permit authorizing Plaintiff to acquire firearms." 2012 Preliminary Injunction Order at 36. Kealoha and the City (collectively, "Defendants") filed a Motion for Reconsideration, which the Court subsequently denied. (Doc. Nos. 39 & 50.)

On February 25, 2013, Plaintiff filed a Motion for Summary Judgment and a Motion for Permanent Injunction. (Doc. Nos. 75 & 77.) On September 30, 2013, the Court issued an "Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment and Denying Plaintiff's Motion for Permanent Injunction." (Doc. No. 111 ("Sept. 30 Order").) In the Sept. 30 Order, the Court granted in part Plaintiff's Motion for Summary Judgment regarding whether Plaintiff's prior harassment convictions prohibit him from acquiring a firearms permit pursuant to 18 U.S.C. § 922(g)(9), Haw. Rev. Stat. § 134-7(a), and Haw. Rev. Stat. § 134-7(b); denied in part Plaintiff's Motion for Summary Judgment regarding whether Plaintiff is prohibited from acquiring a firearms permit pursuant to Haw. Rev. Stat. § 134-7(c); and denied Plaintiff's Motion for Permanent Injunction. Sept. 30 Order at 62-63.

On April 2, 2014, Defendants filed the instant Motion for Summary Judgment or, in the Alternative, Motion for Reconsideration ("Motion" or "Defs.'s Mot."), along with a

-3-

3

concise statement of facts. (Doc. Nos. 115 & 116.) On May 23, 2014, Plaintiff filed an Opposition to Defendants' Motion ("Opposition" or "Pl.'s Opp."), along with a concise statement of facts. (Doc. Nos. 124 & 125.) On June 2, 2014, Defendants filed a Reply ("Reply" or "Defs.'s Reply"), along with a Separate and Concise Statement of Facts in Support of Reply and Objections to Plaintiff's Concise Statement of Facts. (Doc. Nos. 127-128.) On June 14, 2014, Plaintiff filed a Motion for Leave to File Additional Exhibits to Supplement Plaintiff's Concise Statement of Facts. (Doc. No. 130.) Plaintiff attached two exhibits to his Motion for Leave to File. (Doc. Nos. 130-2 & 130-3.)[2/]

        Amicus curiae Hawaii Defense Foundation ("HDF") requested to file a brief regarding Defendants' Motion. On April 6, 2014, HDF filed a Motion to File Supplemental Amicus Brief. (Doc. No. 119.) HDF attached a twelve-page supplemental amicus brief to its Motion to File. (Doc. No. 119-1.) On April 7, 2014, HDF filed an Errata in order to attach a copy of an academic study to its supplemental amicus brief. (Doc. No. 120.) On April 10, 2014, the Court issued a minute order granting the Motion to File a supplemental amicus brief. (Doc. No. 121.) On April 10, 2014, after the Court issued its minute order, HDF filed a second, sixteen-page supplemental amicus brief ("HDF's April 10

_____

[2/]The Court GRANTS this motion and will consider the exhibits attached thereto, notwithstanding the fact that the motion was untimely filed.

-4-

Supp. Brief"). (Doc. No. 122.) On April 23, 2014, HDF filed a Notice of Supplemental Authority. (Doc. No. 123.)

The Court held a hearing regarding Defendants' Motion on June 16, 2014. At the hearing Plaintiff acknowledged that HDF raised issues in its supplemental amicus brief, which Plaintiff had not raised in his Amended Complaint, Opposition, or by way of argument at the hearing. Several hours after the hearing Plaintiff filed a Motion to Incorporate and Reference in its Entirety HDF's supplemental amicus brief. (Doc. No. 132.) At the hearing Defendants requested that, if the Court were to consider arguments raised only by HDF, Defendants be given an opportunity to file a brief in response. Defendants noted in their Reply that it was inappropriate for an amicus curiae to raise issues that had not been raised by the parties. (Reply at 10 (citing Artichoke Joe's Cal. Grand Casino v. Norton, 353 F.3d 712, 719 (9th Cir. 2003)); see also Swan v. Peterson, 6 F.3d 1373, 1383 (9th Cir. 1993)).

In light of these circumstances, the Court determined that it will sua sponte in its discretion consider issues raised by HDF, and will allow Defendants to file a brief in response. (Doc. No. 134 ("June 20, 2014 Minute Order").) On the other hand, the Court did not allow HDF and Plaintiff to file further briefing since they had already taken the opportunity to raise and address the subject issues. (Id.)

-5-

5

On July 7, 2014, Defendants filed a supplemental brief ("Defs.'s Supp. Brief"). (Doc. No. 136.)

## FACTUAL BACKGROUND

On November 5, 1997, Plaintiff was arrested for two counts of harassment in violation of H.R.S. § 711-1106(1)(a). (Defs.'s CSF Ex. A.) That statute provides, in relevant part:

**§ 711-1106 Harassment.**

(1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

(a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact. . .

The state court complaint against Plaintiff alleges that, on or about November 5, 1997, "[Plaintiff], with intent to harass, annoy, or alarm Colette Fisher, did strike, shove, kick, or otherwise touch Colette Fisher in an offensive manner, or subject her to offensive physical contact, thereby committing the petty misdemeanor offense of Harassment in violation of Section 711-1106(1)(a) of the Hawaii Revised Statutes." (Doc. 39-4 ("State of Hawaii v. Kirk C. Fisher, FC-CR No. 97-3233") at 1.)[3/] At the time of the 1997 incident to the present, Colette Fisher has been Plaintiff's wife. (Am. Compl. ¶ 24; Doc. 99-2

_____

[3/]Both parties reference exhibits filed with previous motions that are part of the record in this case. The Court likewise refers to prior exhibits submitted by the parties.

("Deposition of Kirk C. Fisher") at 9-10.) A second count in the state court complaint contains the same allegations with respect to Nicole Fisher, Plaintiff's daughter. (Doc. 39-4 at 1-2.)

On December 3, 1997, Plaintiff pled guilty to two counts of harassment in the Family Court of the First Circuit, State of Hawaii, and was sentenced to six months of probation. (Defs.'s CSF at 2, ¶ 2.) As part of the terms of his probation, the judge ordered Plaintiff "to attend substance abuse assessment and. . . participate in counseling and/or treatment until clinically discharged or as directed by the probation officer." (Id. Ex. C.) Around February 1998, Plaintiff completed a "Twelve Hour Drug and Alcohol Education Course" presented by the "Hawaii Alcohol and Drug Safety Action Program." (Id. Ex. F.) While the record does not indicate the substance underlying Plaintiff's probation requirement to attend the Drug and Alcohol Education Course; this Court noted in its Sept. 30 Order that Plaintiff admitted in his deposition that he had been drinking alcohol (specifically a six-pack of beer) on the day of the alleged domestic violence incident. Sept. 30 Order at 8 n. 8.

In connection with his convictions, Plaintiff was ordered to surrender all firearms, ammunition, permits, and licenses to HPD. (Defs.'s CSF Ex. D.) On November 4, 1998, state judge Dan Kochi issued an "Order Permitting Return of Firearms, Ammunition, Permits and Licenses, With Conditions." (Id. Ex. E.)

-7-

The order stated that HPD should return Plaintiff's firearms and ammunition "provided that the provisions of H.R.S. Chapter 134 are satisfied and there are no. . . prohibitions under H.R.S. Section 134-7 . . . or a conviction of a misdemeanor crime of [domestic] violence under 18 U.S.C. section 922(g)(9)." (<u>Id.</u>) HPD promptly returned Plaintiff's firearms as a result of this order. (Defs.'s CSF at 3, ¶ 6.)

In the fall of 2009, Plaintiff submitted an application to HPD seeking to obtain a permit for additional firearms. (<u>Id.</u> at 3-4, ¶ 11.) On October 1, 2009, HPD denied Plaintiff's application via letter on the grounds that Plaintiff was disqualified under H.R.S. § 134-7. (Doc. No. 78-5.)[4/] HPD then ordered Plaintiff to surrender the firearms he possessed to the police or otherwise lawfully dispose of his firearms and ammunition within 30 days of October 1, 2009. (<u>Id.</u>) Plaintiff subsequently transferred ownership and possession of all of his firearms to his wife after she obtained the proper permits. (Am. Compl. ¶ 24.)

Plaintiff asserts that HPD told him he was disqualified from owning firearms under H.R.S. § 134-7(b). (Doc. No. 78-1

---

[4/]The October 1, 2009 letter did not state which subsection of H.R.S. § 134-7 formed the basis for the denial of Plaintiff's firearms permit. (<u>See</u> Doc. No. 78-5.) In his August 31, 2010 letter to Kealoha, Wilkerson (Plaintiff's counsel) indicated that HPD officers stated that the application was denied because Plaintiff had been "convicted of a crime of violence," which would fall under H.R.S. § 134-7(b). (Pl.'s CSF Ex. 1.)

-8-

("Declaration of Kirk C. Fisher") ¶ 12.) Defendants dispute this fact and argue that HPD, as indicated in the October 1, 2009 letter, never stated which subsection of H.R.S. § 134-7 formed the basis for the denial of Plaintiff's firearms permit. (Defs.'s Objs. to Pl.'s CSF at 3, ¶ 19.)

According to Defendants, HPD runs a background check on individuals who apply for a firearms permit. (Defs.'s CSF Ex. H ("Nitta Decl.") ¶ 9.) If the applicant has been convicted of harassment, HPD will attempt to determine if the particular conviction involved violent behavior, specifically the use of physical force, and whether such violence occurred within a domestic relationship. (Id.) If HPD determines that an applicant's conviction for harassment includes physical force against the victim, HPD will deny the application. (Id. ¶ 10.)

Regarding the specific procedure used to evaluate Plaintiff's application, HPD ran a background check and reviewed police reports relating to the harassment convictions. (Id. ¶ 11.) Based upon the police reports, HPD concluded that Plaintiff "engaged in conduct which included violent behavior involving the use of physical force against his wife and daughter." (Id.) As a result, HPD denied Plaintiff's application. (Id. ¶ 12.)

On August 31, 2010, Plaintiff through his counsel sent a letter to Kealoha requesting that (1) HPD grant his application for a permit to acquire firearms and (2) HPD rescind the prior

-9-

order instructing Plaintiff to surrender or dispose of his

firearms. (Pl.'s CSF Ex. 1.) Kealoha responded to Plaintiff's

request on September 29, 2010, and affirmed HPD's prior denial of

Plaintiff's firearms permit application. (Doc. No. 78-7.)

[Sentence deleted.]

On June 29, 2012, as discussed hereinbefore, the Court

issued an injunction directing Kealoha to issue a permit

authorizing Plaintiff to acquire firearms.[5/] In his declaration,

Plaintiff states that sometime following the Court's issuance of

the injunction, he submitted an application for a firearms permit

to HPD. (Pl.'s CSF Ex. 1 ("Fisher Decl.") ¶ 3.) Plaintiff further

states that, as part of the application process, HPD contacted

his physician, Dr. Joseph Tsai, in order to "document

[Plaintiff's] medical clearance." (Id. ¶ 6.) According to

Plaintiff, Dr. Tsai provided medical documentation that he was

"not adversely affected by an addiction to, abuse of, or

dependence on any alcohol or drug" and that he did "not suffer

any mental disease, disorder, or defect." (Id.) Plaintiff asserts

that he received a firearms permit because he satisfied all of

the conditions of H.R.S. § 134-7, including the "medical

clearance documentation" requirement of H.R.S. § 134-7(c)." (Id.

---

[5/]In its 2012 Preliminary Injunction Order, the Court noted
that H.R.S. § 134-7(c) may preclude Plaintiff from possessing
firearms, and that neither party addressed § 134-7(c). See 2012
Preliminary Injunction Order at 18 n. 14.

¶ 7.)[6/]

Defendants acknowledge that Plaintiff submitted an application for a firearms permit after the Court's 2012 Preliminary Injunction Order; however, they argue that he failed to abide by HPD's application procedures. (Defs.'s CSF in Support of Reply at 2, ¶¶ 1-3.) Specifically, Defendants assert that once a complete application is submitted, HPD requires a two-week waiting period during which HPD reviews the application and supporting documents. (Id. ¶ 2.) According to Defendants, after the expiration of the two-week waiting period, there is a six-day period within which the applicant may retrieve his application. (Id.) Defendants assert that Plaintiff did not pick up his application within the allotted period and, therefore, HPD voided his application on August 1, 2012. (Id. ¶ 3.)[7/] Defendants further assert that HPD did not contact Dr. Tsai, and that neither Plaintiff nor Dr. Tsai provided HPD with "medical clearance documentation." (Id. ¶ 4.)

At the hearing on June 16, 2014, Plaintiff submitted a declaration from Dr. Tsai, dated June 14, 2014. (Doc. No. 130-2.) Dr. Tsai states in his declaration that Plaintiff "is not

_____

[6/]Plaintiff has not provided the Court with any documentation indicating that he received a firearms permit from HPD.

[7/]The Court is troubled by HPD's application procedures. After the two-week review period, HPD should either approve or deny the firearms permit application and then notify the applicant as such.

-11-

adversely affected by [] an addiction to, abuse of, or dependence upon any dangerous drug, harmful drug, detrimental drug, intoxicating compound, or intoxicating liquor." (Dr. Tsai Decl. ¶ 4.)

### STANDARD

#### A.  Motion for Summary Judgment

A party may move for summary judgment on any claim or defense - or part of a claim or defense - under Federal Rule of Civil Procedure ("Rule") 56. Summary judgment "should be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Maxwell v. Cnty. of San Diego, 697 F.3d 941, 947 (9th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)). Under Rule 56, a "party asserting that a fact cannot be or is genuinely disputed must support the assertion," either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

The substantive law determines which facts are material; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty

-12-

Lobby, Inc., 477 U.S. 242, 248 (1986). "The mere existence of _some_ alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no _genuine_ issue of _material_ fact." Scott v. Harris, 550 U.S. 372, 380 (2007) (citation omitted) (emphasis in original).

A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." United States v. Arango, 670 F.3d 988, 992 (9th Cir. 2012) (quoting Anderson, 477 U.S. at 247). Conversely, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott, 550 U.S. at 380.

The moving party has the burden of persuading the court as to the absence of a genuine issue of material fact. Avalos v. Baca, 596 F.3d 583, 587 (9th Cir. 2010).[8] If the moving party satisfies its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Sluimer v. Verity, Inc., 606 F.3d 584, 587 (9th

---

[8]When the party moving for summary judgment would bear the burden of proof at trial, the movant must present evidence which would entitle it to a directed verdict if the evidence were to go uncontroverted at trial. Miller v. Glenn Miller Prods., 454 F.3d 975, 987 (9th Cir. 2006) (citation omitted). In contrast, when the nonmoving party would bear the burden of proof at trial, the party moving for summary judgment may meet its burden by pointing out the absence of evidence from the nonmoving party. Id. (citation omitted).

Cir. 2010). The nonmoving party must present evidence of a "genuine issue for trial," Fed. R. Civ. P. 56(e), that is "significantly probative or more than merely colorable." LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1137 (9th Cir. 2009) (citation omitted). Summary judgment will be granted against a party who fails to demonstrate facts sufficient to establish "an element essential to that party's case and on which that party will bear the burden of proof at trial." Parth v. Pomona Valley Hosp. Med. Ctr., 630 F.3d 794, 798-99 (9th Cir. 2010) (citation omitted).

When evaluating a motion for summary judgment, the court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007). The court may not, however, weigh conflicting evidence or assess credibility. In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008).[9/] Accordingly, if "reasonable minds could differ as to the import of the

---

[9/]Nonetheless, a "conclusory, self-serving affidavit" that lacks detailed facts and supporting evidence may not create a genuine issue of material fact. F.T.C. v. Neovi, Inc., 604 F.3d 1150, 1159 (9th Cir. 2010). Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott, 550 U.S. at 380. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." Yeager v. Bowlin, 693 F.3d 1076, 1080 (9th Cir. 2012).

-14-

evidence," summary judgment will be denied. <u>Anderson</u>, 477 U.S. at 250–51.

### B.   Motion for Reconsideration

A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>Hele Ku KB, LLC v. BAC Home Loans Servicing, LP</u>, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012). The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 807 (9th Cir. 2004).

Mere disagreement with a previous order is an insufficient basis for reconsideration. <u>See</u> <u>Leong v. Hilton Hotels Corp.</u>, 689 F. Supp. 1572 (D. Haw. 1988). "Whether or not to grant reconsideration is committed to the sound discretion of the court." <u>Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation</u>, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted).

### <u>DISCUSSION</u>

### I.        Whether Plaintiff Has Standing

Defendants argue that the Court should dismiss

-15-

Plaintiff's Amended Complaint in its entirety because Plaintiff lacks standing to bring this lawsuit. Because standing is a threshold requirement, without which a district court lacks jurisdiction, the Court addresses this issue first. <u>Cardenas v. Anzai</u>, 311 F.3d 929, 933 (9th Cir. 2002).

"To satisfy Article III standing, a plaintiff must show: (1) [he] has suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'; (2) a 'causal connection between the injury' and the challenged action of the defendant; and (3) that it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" <u>Multistar Industries, Inc. v. U.S. Dep't of Transp.</u>, 707 F.3d 1045, 1054 (9th Cir. 2013) (quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992) (internal quotation marks and alteration omitted)).

Defendants assert that Plaintiff lacks standing to bring this suit because he is precluded from obtaining firearms under H.R.S. § 134-7 and, therefore, cannot establish a violation of his Second Amendment rights. However, Defendants provide no authority for the proposition that a plaintiff lacks Article III standing if he cannot succeed on the merits of his claims. Rather, cases from the Supreme Court, Ninth Circuit, and other federal circuit courts of appeal suggest the opposite. <u>See</u> <u>Davis v. Passman</u>, 442 U.S. 228, 239 n. 18 (1979) (noting that the

question of whether a plaintiff has standing to bring suit, and
thus whether the court has jurisdiction to hear the controversy,
is separate from the question of whether a plaintiff has a
meritorious cause of action); Cardenas v. Anzai, 311 F.3d 929,
933-34 (9th Cir. 2002) (finding that medicaid recipients who
claimed that the state was obligated to distribute funds to them
from the settlement of claims against tobacco companies had
standing, even though their claims were defeated on the merits by
a federal statute); Hightower v. City of Boston, 693 F.3d 61, 65
& 70 (1st Cir. 2012) (finding that former police officer had
standing even though her Second Amendment as-applied and facial
attack claims failed).[10]

     Here, it is clear that HPD's denial of Plaintiff's
application for a firearms permit in 2009, subsequent order to
surrender the firearms he possessed, and September 29, 2010
letter affirming the denial of Plaintiff's application,
constitute an "injury-in-fact" sufficient to meet the minimum

---

[10]Defendants further argue that because Plaintiff seeks
declaratory and injunctive relief, he is required to show a "very
significant possibility of future harm" in order to have
standing. (Defs.'s Mot. at 28 (citing Bras v. California Pub.
Util. Comm'n, 59 F.3d 869, 873 (9th Cir. 1995)).) In this case,
Plaintiff can show "future harm" in the form of HPD's continued
denial of his firearms permit application. In any event, as
explained in the Court's 2012 Preliminary Injunction Order,
Defendants' alleged violation of the Second Amendment per se
constitutes irreparable harm. See 2012 Preliminary Injunction
Order at 29-31.

-17-

requirements of Article III standing.[11/] See Hightower, 693 F.3d at 70 (finding that the Boston Police Department's revocation of former police officer's firearms license satisfied the requirements of Article III standing) (citing Parker v. District of Columbia, 478 F.3d 370, 376 (D.C. Cir. 2007) ("We have consistently treated a license or permit denial pursuant to a state or federal administrative scheme as an Article III injury."), aff'd sub nom. District of Columbia v. Heller, 554 U.S. 570 (2008).

Accordingly, Plaintiff has standing.

**II.      Whether Federal or Hawaii Law Precludes Plaintiff From Obtaining a Firearms Permit**

The crux of the Amended Complaint is Plaintiff's contention that he is statutorily qualified under both federal and Hawaii law to receive a firearms permit and Defendants' failure to comply with federal and Hawaii law constitutes a denial of his Second Amendment rights. See Sept. 30 Order at 18-19; Am. Compl. 16-17.

In its Sept. 30 Order, the Court found that federal law did not preclude Plaintiff from obtaining a firearms permit because his harassment convictions under H.R.S. § 711-1106(1)(a) did not qualify as "misdemeanor crime[s] of domestic violence" under the Lautenberg Amendment, 18 U.S.C. § 922(g)(9). Sept. 30

---

[11/]Defendants admit that Plaintiff has satisfied the other elements of Article III standing. (See Defs.'s Mot. at 28.)

Order at 22. Because the Court concluded that federal law did not bar Plaintiff from obtaining a firearms permit, the Court did not decide whether H.R.S. § 134-7(a) precluded Plaintiff from acquiring a firearms permit. Id. at 20 n. 15. In addition, the Court concluded that H.R.S. § 134-7(b) did not disqualify Plaintiff from exercising his Second Amendment rights because his harassment convictions did not constitute "crime[s] of violence." Id. at 54. Finally, the Court found that Plaintiff did not establish that he was qualified under H.R.S. § 134-7(c) to possess firearms. Id. at 61.

In the instant Motion, Defendants request that the Court reconsider its Sept. 30 order in its entirety due to an intervening change in law or, in the alternative, grant summary judgment in their favor as to all claims because Plaintiff is statutorily disqualified under both federal and Hawaii law from acquiring a firearms permit. (Defs.'s Mot. at 1-2.) Defendants' Motion is essentially based on the U.S. Supreme Court's recent 2014 decision in U.S. v. Castleman, 134 S. Ct. 1405 (2014).

 The Court will first address whether federal law precludes Plaintiff from obtaining a firearms permit. The Court will then address whether Hawaii law precludes Plaintiff from obtaining a firearms permit.

### A.  Federal Law

The Lautenberg Amendment, 18 U.S.C. § 922(g)(9),

provides that any person "who has been convicted in any court of a misdemeanor crime of domestic violence" may not "possess in or affecting commerce any firearm or ammunition." The statute defines a "misdemeanor crime of domestic violence" as "an offense that . . . (i) is a misdemeanor under Federal, State, or Tribal law; and (ii) has, as an element, the use or attempted use of physical force . . . committed by a current or former spouse [or] parent." Id. § 921(a)(33)(A).

Plaintiff was convicted of violating H.R.S. § 711-1106(1)(a), which provides that a person "commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person . . . [s]trikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact." The Commentary on this statute states that Subsection 1(a) "is a restatement of the common-law crime of battery, which was committed by any slight touching of another person in a manner which is known to be offensive to that person."

As explained in the Sept. 30 Order, courts use the "categorical approach" to determine whether a conviction for a state crime falls within the federal definition of a particular act or crime. Sept. 30 Order at 22 (citing Descamps v. U.S., 133 S. Ct. 2276, 2281 (2013)). Under the categorical approach, federal law bars Plaintiff from possessing firearms if the state

-20-

crime of harassment proscribes the same conduct as the misdemeanor crime of domestic violence defined in the Lautenberg Amendment. Id. However, if H.R.S. § 711-1106(1)(a) prohibits more conduct than 18 U.S.C. § 922(g)(9), then Plaintiff's harassment convictions do not qualify as misdemeanor crimes of domestic violence under federal law. Id.

This Court further explained in the Sept. 30 Order that the Supreme Court has approved a variant of the categorical approach: the so-called "modified categorical approach." Sept. 30 Order at 25. The modified categorical approach "helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the offender's conviction." Id. (quoting Descamps, 133 S. Ct. at 2283). According to the Supreme Court, "the key . . . is elements, not facts." Id. at 26. Thus, to determine the elements underlying the conviction, the Supreme Court has held that courts could examine "reliable" documents such as an indictment or information, jury instructions, a transcript of the plea colloquy or written plea agreement, or a record of findings of fact adopted by the offender upon entering the plea. Id. (citing Taylor v. U.S., 495 U.S. 575, 602 (1990); Shepard v. U.S., 544 U.S. 13, 16 (2005)).

In its Sept. 30 Order, this Court concluded that, under both the categorical and modified categorical approaches,

-21-

Plaintiff's harassment convictions did not disqualify him under Section 922(g)(9) from possessing firearms. Id. at 32-33. Specifically, the Court, relying on the Ninth Circuit's interpretation of the Lautenberg Amendment in U.S. v. Belless, 338 F.3d 1063 (9th Cir. 2003), concluded that H.R.S. § 711-1106(1)(a) prohibited more conduct than 18 U.S.C. § 922(g)(9). Sept. 30 Order at 24. In Belless, the Ninth Circuit held that the phrase "physical force" in the Lautenberg Amendment means "the violent use of force against the body of another individual," and, therefore, does not include "de minimis" touching. Belless, 338 F.3d at 1068. Because H.R.S. § 711-1106(1)(a) prohibited "de minimis" or "slight" touching and the Lautenberg Amendment (as defined by Belless) did not prohibit such conduct, this Court held that a conviction under the Hawaii statute did not categorically qualify as a "misdemeanor crime of domestic violence." Sept. 30 Order at 24.

The Court further determined that it may apply the modified categorical approach because the elements of H.R.S. § 711-1106(1)(a) are listed in the disjunctive. Id. at 27. Because the charging document and the judgment (the only documents deemed reliable by the Court) include the elements of harassment that allow for conviction on the basis of offensive or de minimis touching, the Court found that Plaintiff's convictions were not covered by the Lautenberg Amendment under the modified

categorical approach. Id. at 28.

In the Sept. 30 Order, the Court recognized a split between those federal circuit courts of appeal holding that the "touching" element of common law battery constitutes "physical force" as contemplated by the Lautenberg Amendment and others, such as the Ninth Circuit in Belless, holding that it does not. Id. at 23 n. 16.

In U.S. v. Castleman, 134 S. Ct. 1405 (2014), a decision issued after this Court's Sept. 30 Order, the Supreme Court overruled Belless and several other Circuit Courts of Appeal by holding that § 922(g)(9)'s "physical force" requirement is satisfied by the degree of force that supports a common-law battery conviction – namely, offensive touching. Castleman, 134 S. Ct. at 1410.

Castleman distinguished Johnson v. U.S., 559 U.S. 133 (2010), where the Court considered whether a battery conviction was a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Similar to the Lautenberg Amendment, ACCA defines a "violent felony" as one that "has as an element the use. . . of physical force." Id. 924(e)(2)(B)(i). Johnson declined to read the common-law meaning of "force," which includes slight offensive touching, into ACCA's definition of "violent felony" because it would be a "comical misfit with the defined term." Johnson, 599 U.S. at 145. In defining a "violent

-23-

felony" for purposes of ACCA, the <u>Johnson</u> Court held that the phrase "physical force" must "mea[n] <u>violent</u> force." <u>Id.</u> at 140 (emphasis in original).

In contrast, <u>Castleman</u> held that the common-law meaning of force "fits perfectly" within § 922(g)(9)'s definition of a misdemeanor crime of domestic violence. <u>Castleman</u>, 134 S. Ct. 1410. Specifically, the Court found that "because perpetrators of domestic violence are routinely prosecuted under generally applicable assault or battery laws, it makes sense for Congress to have classified as a misdemeanor crime of domestic violence the type of conduct that supports a common-law battery conviction." <u>Id.</u> at 1411 (internal quotation marks and citation omitted). The Court also found that the term "domestic violence" is a "term of art encompassing acts that one might not characterize as 'violent' in a nondomestic context." <u>Id.</u> The Court's holding was further bolstered by the status of state laws when Congress enacted § 922(g)(9): if offensive touching did not constitute "force," § 922(g)(9) would not have applied in ten states which make up thirty percent of the nation's population. <u>Id.</u> at 1413. As such, the Supreme Court in <u>Castleman</u> concluded that "Congress incorporated the common-law meaning of 'force' - namely, offensive touching - in § 921(a)(33)(A)'s definition of a 'misdemeanor crime of domestic violence.'" <u>Id.</u> at 1410.

Pursuant to <u>Castleman</u>, this Court finds that, under

-24-

24

the categorical approach, Plaintiff's harassment convictions qualify as misdemeanor crimes of domestic violence under federal law. As indicated above, H.R.S. § 711-1106(1)(a) prohibits "offensive touching" or "offensive physical contact" as well as "striking, shoving, and kicking." The Commentary on this statute provides that Subsection 1(a) "is a restatement of the common-law crime of battery, which was committed by any slight touching of another person in a manner which is known to be offensive to that person." Accordingly, the federal "misdemeanor crime of domestic violence," as defined by the Supreme Court in Castleman, proscribes the same conduct as H.R.S. § 711-1106(1)(a). That is, every element of the Hawaii offense satisfies the Supreme Court's definition of "physical force" under § 922(g)(9). This Court therefore holds that Plaintiff is prohibited under federal law from possessing firearms.[12]

Plaintiff argues "that Castleman must be narrowly construed to apply only to misdemeanor crimes of domestic violence." (Pl.'s Opp. at 8) (emphasis in original.) According to Plaintiff, his H.R.S. § 711-1106(1)(a) harassment convictions are

---

[12] As discussed above, the Court in its Sept. 30 Order employed the modified categorical approach and found that, because the charging document and the judgment include the elements of harassment that allow for conviction on the basis of de minimis touching, Plaintiff's convictions were not covered by Section 922(g)(9). Now, in light of Castleman, a conviction on the basis of offensive touching is covered by the Lautenberg Amendment. Consequently, federal law disqualifies Plaintiff from obtaining firearms even under the modified categorical approach.

not "misdemeanor crime[s] of domestic violence" because a domestic relationship is not a required element of the Hawaii offense. (Id. at 9.)

As explained in the Sept. 30 Order, state crimes do not need to include the element of a "domestic relationship" in order to fall within Lautenberg's firearms prohibition, pursuant to the Supreme Court's decision in U.S. v. Hayes, 555 U.S. 415 (2009). Sept. 30 Order at 21. In Hayes, the Supreme Court stated that a "misdemeanor crime of domestic violence" must have "as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon," and must be "committed by a person who has a specified domestic relationship with the victim." Hayes, 555 U.S. at 421.

Thus, while Castleman focused on its ruling that "Congress incorporated the common-law meaning of 'force' - namely, offensive touching - in § 921(a)(33)(A)'s definition of a 'misdemeanor crime of domestic violence'"; Hayes (which Plaintiff does not even mention in his Opposition) addressed the issue of domestic relationship and held that the Lautenberg Amendment does not require that the predicate state offense include, as a discrete element, the existence of a domestic relationship between the offender and victim. Id. at 421. Rather, it suffices that "a prior conviction [] was, in fact, for 'an offense . . . committed by' the defendant against a spouse or other domestic

victim." Id. Here, Plaintiff admits in his Amended Complaint and deposition that Colette Fisher is currently his wife and that they were married at the time of the 1997 incident. (Am. Compl. ¶ 24; Doc. No. 99-2 ("Deposition of Kirk C. Fisher") at 9-10.)[13/14/]

Having employed the categorical approach and concluded that Plaintiff's harassment convictions qualify as "misdemeanor crime[s] of domestic violence" pursuant to Castleman, this Court need not apply the modified categorical approach. Nevertheless, in an abundance of caution, this Court will address the following assertion by Plaintiff.

Plaintiff asserts that, under the modified categorical approach, the Court cannot consider Plaintiff's admission in his Amended Complaint and deposition that he was married to Colette

---

[13/]This Court also previously addressed Plaintiff's argument in its 2012 Preliminary Injunction Order. In that Order, this Court, in discussing U.S. v. Hayes, 555 U.S. 415 (2009), found that Lautenberg's "domestic relationship" requirement was satisfied because "the Complaint establishe[d] that Plaintiff's crime was committed against family members." 2012 Preliminary Injunction Order at 20-21 n. 17 (citing original Compl. ¶ 16).

[14/]The dissent in Hayes argued that "[u]nder the majority's approach . . . it will often be necessary to go beyond the fact of conviction and 'engage in an elaborate factfinding process regarding the defendant's prior offens[e],' Taylor v. U.S., 495 U.S. 575, 601 (1990), to determine whether it happened to involve domestic violence." Hayes, 555 U.S. at 436. According to the Hayes dissent, such an approach runs contrary to its prior decision in Taylor where the Court adopted a categorical approach to predicate offenses under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), "looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Id. (quoting Taylor, 495 U.S. at 600).

Fisher at the time of the 1997 incident. (Pl.'s Opp. at 9-10.)

As discussed above, the modified categorical approach permits courts to examine a limited set of reliable documents, such as an indictment or plea agreement, to ascertain the specific element that a defendant was convicted of violating when a statute contains multiple, alternative elements. Descamps, 133 S. Ct. at 2285. The Ninth Circuit has held that statements or admissions by an offender may not be used under the modified categorical approach if they merely provide "bare facts" instead of demonstrating that an offender's guilty plea was based on that conduct. Huerta-Guevara v. Ashcroft, 321 F.3d 883, 888 (9th Cir. 2003). It therefore appears that this Court cannot consider Plaintiff's admission in his Amended Complaint and deposition that he was married to Colette Fisher at the time of the 1997 incident under the modified categorical approach.

Hayes indicates, however, that it is unnecessary to examine the elements of the predicate offense when analyzing whether that offense was "committed by a person who has a specified domestic relationship with the victim." Rather, courts may look at the facts underlying the conviction to determine whether the "domestic relationship" requirement is satisfied. See Hayes, 555 U.S. at 421 (holding that it suffices that "a prior conviction [] was, in fact, for 'an offense . . . committed by' the defendant against a spouse or other domestic victim")

-28-

(emphasis added). Under Hayes, the question of "whether a crime is one of 'domestic violence' depends on the identity of the victim rather than the elements of the offense." U.S. v. Skoien, 614 F.3d 638, 642 (7th Cir. 2010); see also U.S. v. White, 593 F.3d 1199, 1204-05 (11th Cir. 2010) (holding that a domestic relationship must exist as part of the facts giving rise to the predicate offense, but it need not be an element of the prior offense); U.S. v. Griffith, 455 F.3d 1339, 1346 (11th Cir. 2006) (same).

The Hayes dissent and Skoien, a subsequent Seventh Circuit decision interpreting Hayes, confirm that the Supreme Court intended a fact-based inquiry into whether the predicate state offense was committed by a person who has a "specified domestic relationship" with the victim instead of an inquiry based on the elements of the offense. See Hayes, 555 U.S. at 436 ("Under the majority's approach . . . it will often be necessary to go beyond the fact of conviction and engage in an elaborate factfinding process regarding the defendant's prior offense to determine whether it happened to involve domestic violence.") (Roberts, C.J., dissenting) (internal citation and alteration omitted); Skoien, 614 F.3d at 642 (finding that, under Hayes, the domestic nature of the relationship depends on the identity of the victim rather than the elements of the predicate offense).

Pursuant to Hayes, this Court can examine the facts

-29-

underlying Plaintiff's harassment convictions to see if there existed a "specified domestic relationship" between Plaintiff and the victim. As noted above, Plaintiff admits in his Amended Complaint and deposition that Colette Fisher is currently his wife and that they were married at the time of the 1997 incident. Accordingly, Plaintiff's relationship with Colette Fisher satisfies Lautenberg's domestic relationship requirement.

Because Plaintiff was convicted under H.R.S. § 711-1106(1)(a) which has "as an element, the use . . . of physical force" and committed this offense against his wife, Plaintiff's convictions qualify as "misdemeanor crime[s] of domestic violence" and, therefore, he is precluded from possessing firearms under federal law. As a result, the Court must conclude that Plaintiff's Amended Complaint must be dismissed in its entirety.

As noted hereinbefore, the focus of the Amended Complaint is Plaintiff's assertion that he is qualified to obtain a firearms permit under federal and Hawaii statutory law and Defendants' failure to provide him with such a permit constitutes a denial of his Second Amendment right to keep and bear arms. Sept. 30 Order at 18-19. Am. Compl. 10-17. Plaintiff also asserts that his Fourteenth Amendment due process rights were violated in connection with his alleged Second Amendment rights. Id. at 15-17. In addition, Plaintiff asserts claims under 42 U.S.C. § 1983,

-30-

which are predicated upon the alleged Second and Fourteenth Amendment violations. Id.

In its Sept. 30 Order, the Court rejected Defendants' contention that Plaintiff was prohibited from possessing firearms under 18 U.S.C. § 922(g)(9) because his harassment convictions did not categorically qualify as misdemeanor crimes of domestic violence. Now, in light of Castleman, the Lautenberg Amendment statutorily disqualifies Plaintiff from obtaining a firearms permit. Accordingly, Plaintiff cannot establish that his Second Amendment rights were violated.

Amicus curiae HDF, citing U.S. v. Chovan, 735 F.3d 1127, 1129-30 (9th Cir. 2013), raises the argument that § 922(g)(9) is unconstitutional as applied to Plaintiff because Hawaii law offers him limited means to restore his Second Amendment rights. (HDF's April 10 Supp. Brief at 3.)[15/] According to HDF, "[t]he plain language of the Lautenberg Amendment contemplates some mechanism for reinstating Second Amendment

---

[15/]To the extent that HDF also asserts a facial challenge to § 922(g)(9), the analysis to be applied is the same. See Brooklyn Legal Servs. Corp v. Legal Servs. Corp., 462 F.3d 219, 228 (2d Cir. 2006) ("Facial and as-applied challenges differ in the extent to which the invalidity of a statute need be demonstrated . . . . Invariant, however, is the substantive rule of law to be used. In other words, how one must demonstrate the statute's invalidity remains the same for both types of challenges, namely, by showing that a specific rule of law, usually a constitutional rule of law, invalidates the statute, whether in a personal application or to all.") (emphasis in original); see also U.S. v. Salerno, 481 U.S. 739, 745 (1987) (describing the facial challenge standard).

rights after a misdemeanor conviction for domestic violence," and Hawaii does not provide such mechanism. (Id. at 3-4.)

In Chovan, the Ninth Circuit, applying intermediate scrutiny, held that 18 U.S.C. § 922(g)(9) may prohibit an individual who commits a misdemeanor crime of domestic violence from possessing firearms without violating the Second Amendment. 735 F.3d at 1129-30; see also U.S. v. White, 593 F.3d 1199, 1205 (11th Cir. 2010) (considering the constitutionality of § 922(g)(9) and upholding it as a "presumptively lawful longstanding prohibition"); Skoien, 614 F.3d at 641-42 (7th Cir. 2010) (upholding § 922(g)(9) against Second Amendment challenge); U.S. v. Booker, 644 F.3d 12, 25 (1st Cir. 2011) (same); U.S. v. Staten, 666 F.3d 154, 167 (4th Cir. 2011) (same).

Chovan adopted the following two-step inquiry to be applied to Second Amendment challenges: (1) "whether the challenged law burdens conduct protected by the Second Amendment and (2) if so, directs courts to apply an appropriate level of scrutiny." Chovan, 735 F.3d at 1136. The level of scrutiny depends on (1) "how close the law comes to the core of the Second Amendment right," and (2) "the severity of the law's burden on the right." Id. at 1138 (quoting Ezell v. City of Chicago, 651 F.3d 684, 703 (7th Cir. 2011)).

At the first step of the inquiry, the Chovan court concluded that "by prohibiting domestic violence misdemeanants

from possessing firearms, § 922(g)(9) burdens rights protected by

the Second Amendment." Id. at 1137.

Proceeding to the second step of the inquiry, the court

found that

> Heller tells us that the core of the Second
> Amendment is "the right of law-abiding,
> responsible citizens to use arms in defense
> of hearth and home." 554 U.S. [570, 635
> (2008)], 128 S.Ct. 2783. Section 922(g)(9)
> does not implicate this core Second Amendment
> right because it regulates firearm possession
> for individuals with criminal convictions.
> "Although [Chovan] asserts his right to
> possess a firearm in his home for the purpose
> of self-defense, we believe his claim is not
> within the core right identified in Heller –
> the right of a law-abiding, responsible
> citizen to possess and carry a weapon for
> self-defense - by virtue of [Chovan's]
> criminal history as a domestic violence
> misdemeanant." [U.S. v. Chester, 628 F.3d
> 673, 682-83 (4th Cir. 2010);] cf. [Ezell v.
> City of Chicago, 651 F.3d 684, 708 (7th Cir.
> 2011] (finding that a challenged statute
> implicated the core Second Amendment right
> because "the plaintiffs are the 'law-abiding,
> responsible citizens' whose Second Amendment
> rights are entitled to full solicitude under
> Heller").

Id. at 1138 (emphasis in original). However, the court held that

the burden § 922(g)(9) places on domestic violence misdemeanants

is "quite substantial" and amounts to a near-total prohibition on

firearm possession. Id. Nevertheless, the court determined that

> . . . Chovan goes too far when he argues that
> § 922(g)(9) is too broad because it "contains
> no provision limiting its applicability." As
> explained above, § 922(g)(9) exempts those
> with expunged, pardoned, or set-aside
> convictions, or those who have had their

-33-

> civil rights restored. Therefore, while we
> recognize that § 922(g)(9) substantially
> burdens Second Amendment rights, the burden
> is lightened by these exceptions.

Id.

In sum, the Chovan court concluded that the Lautenberg Amendment "does not implicate the core Second Amendment right, but it does place a substantial burden on the right." Id. As such, the Court determined that intermediate rather than strict scrutiny was the appropriate standard to apply when addressing § 922(g)(9)'s constitutionality. Id.

Chovan defined the intermediate scrutiny standard as requiring that "(1) the government's stated objective [] be significant, substantial, or important; and (2) a reasonable fit between the challenged regulation and the asserted objective." Id. at 1139. Applying this standard, the court reasoned that § 922(g)(9) served an important government interest in preventing domestic gun violence. Chovan, 735 F.3d at 1139. In particular, the court found that "the 1996 passage of § 922(g)(9) was motivated by the concern that guns were not being kept away from domestic abusers under felon-in-possession laws because many people who engage in serious spousal or child abuse ultimately are not charged with or convicted of felonies." Id.

The Chovan court concluded that "[k]eeping guns from domestic violence misdemeanants is substantially related to the broader interest of preventing domestic gun violence for four

-34-

related reasons." Id. at 1140. First, as the legislative history indicates, Congress enacted the Lautenberg Amendment because perpetrators of domestic violence were not being kept from possessing firearms, as they were not usually convicted of felonies. Id. Second, according to several academic studies, "a high rate of domestic violence recidivism exists." Id. Third, domestic abusers use firearms during incidents of domestic violence. Id. Finally, "the use of guns by domestic abusers is more likely to result in the victim's death." Id.

     "Putting these four conclusions together," the Ninth Circuit found that "domestic violence misdemeanants are likely to commit acts of domestic violence again and that, if they do so with a gun, the risk of death to the victim is significantly increased." Id. at 1140-41. Consequently, the court held that § 922(g)(9) was constitutional because the statute's "prohibition on gun possession by domestic violence misdemeanants is substantially related to the important government interest of preventing domestic gun violence." Id. at 1141.

     Addressing HDF's argument that § 922(g)(9) is unconstitutional as applied to Plaintiff, the Court observes that § 922(g)(9) establishes three exceptions under which the prohibition under the statute will no longer apply: (1) "if the conviction has been expunged or set aside"; (2) if the offender "has had civil rights restored (if the law of the applicable

-35-

jurisdiction provides for the loss of civil rights under such an offense)"; or (3) if the offender "has been pardoned." 18 U.S.C. § 921(a)(33)(B)(ii). Because the exceptions are listed in the disjunctive, Plaintiff only has to satisfy one of the three exceptions under § 921(a)(33)(B)(ii) in order to be statutorily qualified under federal law to possess firearms.

With respect to the first exception, H.R.S. § 831-3.2 (entitled "Expungement [O]rders") provides, in pertinent part, that "[t]he attorney general . . . upon written application from a person arrested for, or charged with <u>but not convicted of a crime</u>, shall issue an expungement order annulling, cancelling, and rescinding the record of arrest." H.R.S. § 831-3.2(a) (emphasis added). The plain language of § 831-3.2 indicates that Plaintiff cannot receive an "expungement order" from the Attorney General of Hawaii annulling his harassment convictions under H.R.S. § 711-1106(1)(a). <u>See also</u> Department of the Attorney General of the State of Hawaii, Hawaii Criminal Justice Data Center, "Expungement Frequently Asked Questions," http://ag.hawaii.gov/hcjdc/expungement-frequently-asked-questions/#convictions (stating that convictions never qualify for expungement).

As to the second exception, § 921(a)(33)(B)(ii) does not define the term "civil rights." In <u>U.S. v. Brailey</u>, however, the Ninth Circuit addressed how to interpret the term. 408 F.3d

609, 611-13 (9th Cir. 2005). In 1997, Brailey was convicted in Utah of a misdemeanor crime of domestic violence and, as a result, was barred from possessing firearms under then-existing Utah law. Id. at 610-11. In 2000, Utah amended its statutes such that Brailey and other misdemeanants were allowed to possess firearms. Id. Brailey was subsequently charged with and convicted of firearm possession in violation of § 922(g)(9). Id. at 610.

On appeal, Brailey argued that his civil rights had been restored within the meaning of § 921(a)(33)(B)(ii) because his right to possess firearms had been restored under Utah law. Id. The Ninth Circuit rejected that argument, finding that his civil rights had never been "lost" because his misdemeanor conviction had not take away his "core civil rights": the right to vote, to sit as a juror, or to hold public office. Id. at 613. Because Brailey's civil rights had never been lost, the court reasoned, they could not have been restored. Id. Thus, the Ninth Circuit concluded that Brailey failed to meet the civil rights restored exception. Id.

Under Hawaii law, a misdemeanor conviction does not take away an offender's "core civil rights." However, a felony conviction does. Specifically, H.R.S. § 831-2 (entitled "Rights "[L]ost") provides that "[a] person sentenced for a felony, from the time of the person's sentence until the person's final discharge, may not: (1) Vote in an election . . . or (2) Become a

-37-

candidate for or hold public office." H.R.S. § 831-2(a) (emphasis added). In this case, Plaintiff was convicted of a misdemeanor and, therefore, is ineligible to have his right to vote or right to hold public office restored under H.R.S. § 831-2(a). Accordingly, Plaintiff cannot satisfy § 921(a)(33)(B)(ii)'s "civil rights restored" exception.

Finally, with respect to the third exception, Article Five, Section Five of The Constitution of the State of Hawaii provides in relevant part:

> The governor may grant reprieves, commutations and pardons, after conviction, for all offenses, subject to regulation by law as to the manner of applying for the same. The legislature may, by general law, authorize the governor to grant pardons before conviction, to grant pardons for impeachment and to restore civil rights denied by reason of conviction of offenses by tribunals other than those of this State.

Although there appear to be no Hawaii cases discussing the contours of the governor's right to grant pardons; the plain language of Article Five, Section Five of the Hawaii Constitution indicates that Plaintiff could receive a pardon for his harassment convictions under H.R.S. § 711-1106(1)(a) and, therefore, statutorily qualify under federal law to possess firearms.

HDF asserts, without citing any authority, that such a pardon (1) "must specifically state it restores Second Amendment rights" and (2) would not allow Plaintiff "to purchase firearms

-38-

38

in other states in order to own in Hawaii"[16] because the pardon would "only apply within Hawaii." (HDF's April 10 Supp. Brief at 4 n. 1.)

Regarding HDF's first assertion, the Court has conducted extensive independent research and found no authority for the proposition that a pardon for a misdemeanor issued by the Governor of Hawaii restores an offender's Second Amendment right to possess firearms only if the pardon specifically provides as such.[17] Rather, § 921(a)(33)(B)(ii) indicates that a Hawaii pardon will be given full effect and allow the individual to possess firearms "unless the pardon . . . expressly provides that the person may not ship, transport, possess, or receive firearms."

HDF's second assertion is also unpersuasive. Again, the Court has conducted extensive independent research and found no authority for the proposition that a Hawaii pardon would not

---

[16]The Court observes that federal law bars anyone other than a licensed importer, manufacturer, dealer, or collector from transporting into his state of residence a firearm purchased outside that state. 18 U.S.C. § 922(a)(3); U.S. v. Decastro, 682 F.3d 160, 162 (2nd Cir. 2012).

[17]The Court notes that the Hawaii Attorney General, in an opinion letter dated October 14, 1981, and addressed to HPD's police chief, stated "that the mere granting of a pardon by the Governor [does not] relieve[] persons with past felony convictions of any disability relating to the possession of firearms." Hawaii A.G. Opinion No. 81-12 (Oct. 14, 1981), available at 1981 WL 37235 (emphasis added). The Court finds that the opinion letter is inapplicable to the instant case because Plaintiff was convicted of a misdemeanor.

-39-

allow Plaintiff to purchase firearms in other states because the pardon would only be given effect in Hawaii. In fact, some decisions suggest that a foreign state may give effect to a Hawaii pardon and allow Plaintiff to acquire firearms in that state. See, e.g., Schlenther v. Dep't of State, Division of Licensing, 743 So.2d 536, 537 (Fla. Dist. Ct. App. 1998) (finding that the State of Florida improperly denied plaintiff's application for a concealed-weapons permit because once a sister state has restored a person's firearms rights, Florida was required to give "full faith and credit" to the restoration of such rights); People v. Van Heck, 252 Mich. App. 207, 208-09, 214 & 217 (Mich Ct. App. 2002) (holding that Michigan must give full effect to a Connecticut pardon because Connecticut law removes all "legal disabilities that flow" from the pardoned conviction and, therefore, a "pardoned individual is no longer considered by the law to have been 'convicted' or otherwise adjudicated guilty of the pardoned crime").

        As such, the Court finds that Plaintiff could receive a pardon for his H.R.S. § 711-1106(1)(a) harassment convictions; and that such a pardon would qualify him to possess a firearm under federal law and restore his Second Amendment rights.

        In its supplemental amicus brief, HDF asserts that the Chovan court found that § 922(g)(9) as applied to the defendant in that case was constitutional because California, unlike

-40-

**40**

Hawaii, "has an expungement process which allows domestic violence offenders to regain their firearm[] rights." (HDF's April 10 Supp. Brief at 3.)

The defendant in Chovan argued that "§ 922(g)(9) is unconstitutional as applied to him because his 1996 domestic violence conviction occurred fifteen years before his § 922(g)(9) conviction, he is unlikely to recidivate, and he has in fact been law-abiding for those fifteen years." Chovan, 735 F.3d at 1141. In rejecting the defendant's as-applied constitutional challenge, the Chovan majority noted that § 922(g)(9) has several exceptions under which the prohibition under the statute will no longer apply. However, contrary to HDF's assertion, the Chovan majority did not refer to California's expungement laws when analyzing whether § 922(g)(9) was constitutional as applied to the defendant. Id. at 1141-42.

The concurrence in Chovan used strict scrutiny to analyze whether § 922(g)(9) was unconstitutionally applied to the defendant and addressed California's expungement process. Id. at 1151 (Bea, J., concurring). The Chovan concurrence argued that § 922(g)(9) was "narrowly tailored" because California, where the defendant was convicted, "makes expungement of misdemeanor convictions a right." Id.

In contrast, the Chovan majority used the intermediate scrutiny standard to analyze whether § 922(g)(9) was

-41-

unconstitutionally applied to the defendant and, without discussing California's expungement provision, stated in general that "Congress permissibly created a broad statute that only excepts those individuals with expunged, pardoned, or set aside convictions and those individuals who have had their civil rights restored." Id. at 1141-42.[18/] The Chovan majority found that, even assuming the defendant had no history of domestic violence since his 1996 conviction, he had neither "presented evidence to directly contradict the government's evidence that the rate of domestic violence recidivism is high" nor "directly proved that if a domestic abuser has not committed domestic violence for fifteen years, that abuser is highly unlikely to do so again." Id. at 1142. Accordingly, the majority concluded "that the application of § 922(g)(9) to Chovan is substantially related to the government's important interest of preventing domestic gun violence." Id.

The Chovan majority recognized that Congress created a broad statute which imposes a lifetime ban for domestic violence misdemeanants, subject to several narrow exceptions. Id. While

---

[18/]The Chovan majority addressed the defendant's "non-constitutional argument that § 922(g)(9) does not apply to him because his civil rights had been restored." Chovan, 735 F.3d at 1131. Applying its prior decision in U.S. v. Brailey, 408 F.3d 609, 611-13 (9th Cir. 2005), the court rejected the defendant's argument that his civil rights had been restored within the meaning of § 921(a)(33)(B)(ii) when his ten-year ban on owning firearms under California state law expired. Chovan, 735 F.3d at 1131-33.

Plaintiff's harassment convictions occurred roughly fourteen

years before he filed his original complaint; Chovan makes clear

that

> [i]f Congress had wanted § 922(g)(9) to apply
> only to individuals with recent domestic
> violence convictions, it could have easily
> created a limited duration rather than
> lifetime ban. Or it could have created a good
> behavior clause under which individuals
> without new domestic violence arrests or
> charges within a certain number of years of
> conviction would automatically regain their
> rights to possess firearms. But Congress did
> not do so. Congress permissibly created a
> broad statute that only excepts those
> individuals with expunged, pardoned, or set
> aside convictions and those individuals who
> have had their civil rights restored. See
> Skoien, 614 F.3d at 641 ("Some categorical
> disqualifications are permissible: Congress
> is not limited to case-by-case exclusions of
> persons who have been shown to be
> untrustworthy with weapons, nor need these
> limits be established by evidence presented
> in court.")

Id. (alteration omitted).

The Chovan court concluded its analysis of §

922(g)(9)'s constitutionality by stating that "[t]he breadth of

the statute and the narrowness of these exceptions reflect

Congress's express intent to establish a 'zero tolerance policy'

towards guns and domestic violence." Id.

Two circuit courts of appeals which have addressed §

922(g)(9)'s constitutionality have found it unnecessary to

address any of the statutory exceptions in § 921(a)(33)(B)(ii).

See U.S. v. White, 593 F.3d 1199, 1205-06 (11th Cir. 2010)

-43-

(upholding the Lautenberg Amendment as a "presumptively lawful
longstanding prohibition[]" without examining §
921(a)(33)(B)(ii)'s exceptions); U.S. v. Booker, 644 F.3d 12, 22–
26 (1st Cir. 2011) (apparently applying intermediate scrutiny
(whether "there is a substantial relationship between §
922(g)(9)'s disqualification of domestic violence misdemeanants
from gun ownership and the governmental interest in preventing
gun violence in the home") and upholding the constitutionality of
§ 922(g)(9) without analyzing § 921(a)(33)(B)(ii)'s exceptions).

On the other hand, the Fourth and Seventh Circuits have
addressed these exceptions. The Fourth Circuit in Staten observed
that § 922(g)(9)'s "prohibitory sweep is . . . narrowed by the
fact that, for purposes of § 922(g)(9), a person shall not be
considered to have been convicted of a domestic violence
misdemeanor" if his conviction has been expunged, set-aside, or
pardoned, or if his civil rights have been restored. U.S. v.
Staten, 666 F.3d 154, 163 (4th Cir. 2011). "With the narrowness
of § 922(g)(9)'s prohibitory sweep in mind," the Fourth Circuit
applied intermediate scrutiny and found that the statute was a
reasonable fit between the substantial government objective of
reducing domestic gun violence and keeping domestic violence
offenders from possessing firearms. Id. at 163-67.

In Skoien, the Seventh Circuit, apparently using
intermediate scrutiny (whether there is a "substantial relation"

-44-

between § 922(g)(9) and the "important governmental objective" of "preventing armed mayhem"), briefly discussed whether the defendant could satisfy any of § 922(g)(9)'s exceptions under the law of the convicting state. U.S. v. Skoien, 614 F.3d 638, 644-45 (7th Cir. 2010). The Skoien court noted that the defendant was convicted in Wisconsin; and Wisconsin provides "misdemeanants an opportunity to seek pardon or expungement." Id. at 645.

Skoien recognized that the Lautenberg Amendment "tolerates different outcomes for persons convicted in different states, but this is true of all situations in which a firearms disability (or any other adverse consequence) depends on state law." Id. at 645. "The [Supreme Court] held in [Logan v. U.S., 552 U.S. 23 (2007)] that this variability does not call into question federal firearms limits based on state convictions that have been left in place under the states' widely disparate approaches to restoring civil rights." Id.

Under Hawaii law, Plaintiff is eligible to have his harassment convictions pardoned, but cannot get his convictions expunged or have his civil rights restored within the meaning of § 921(a)(33)(B)(ii). As discussed above, although Plaintiff's options to restore his Second Amendment rights are more limited than some other states; the Supreme Court has recognized that

> Congress' decision to have restoration
> triggered by events governed by state law
> insured anomalous results. The several states
> have considerably different laws governing

-45-

> pardon, expungement, and forfeiture and
> restoration of civil rights. Furthermore,
> states have drastically different policies as
> to when and under what circumstances such
> discretionary acts of grace should be
> extended. Anomalies generated by [the
> statutory exceptions in § 921(a)(33)(B)(ii)]
> are the inevitable consequence of making
> access to the exemption[s] depend[ent] on the
> differing laws and policies of the several
> states.

Logan, 552 U.S. at 34 (quoting McGrath v. U.S., 60 F.3d 1005,

1009 (2nd Cir. 1995)).

This Court recognizes that the burden the Lautenberg

Amendment places on Plaintiff is quite substantial and amounts to

a near "total prohibition" on his right to possess firearms.

Chovan, 735 F.3d at 1138. However, section 922(g)(9) has several

limiting provisions, one of which allows Plaintiff to restore his

Second Amendment rights by obtaining a pardon.[19]

For the foregoing reasons, the Court finds that 18

U.S.C. § 922(g)(9) is constitutional as applied to Plaintiff and

---

[19]In their supplemental brief, Defendants cite two federal
district court cases for the proposition that the Lautenberg
Amendment survives constitutional scrutiny even if the particular
offender cannot satisfy any of the statutory exceptions in §
921(a)(33)(B)(ii). See U.S. v. Smith, 742 F.Supp.2d 855, 869
(S.D. W. Va. 2010) (holding that, even assuming the defendant is
permanently barred from future firearms possession, § 922(g)(9)
is reasonably tailored to accomplish the government's compelling
interest in preventing domestic violence misdemeanants from
possessing guns); Enos v. Holder, 855 F.Supp.2d 1088, 1098-1100
(E.D. Cal. 2012) (finding that § 922(g)(9) passes constitutional
muster even assuming the plaintiffs are without a means to
restore their rights or have their convictions set aside,
pardoned or expunged).

statutorily disqualifies him from possessing firearms under federal law. Accordingly, Plaintiff cannot establish that his Second Amendment rights were violated.

Because Plaintiff cannot establish a liberty or property interest under the Second Amendment, the Court further concludes that Plaintiff cannot establish that his Fourteenth Amendment due process rights were violated. See Hewitt v. Grabicki, 794 F.2d 1373, 1380 (9th Cir. 1986) (ruling that a liberty or property interest must exist in order for a plaintiff to establish a due process violation). Consequently, Plaintiff's 42 U.S.C. § 1983 claims, which are predicated on Second and Fourteenth Amendment violations, fail as well. See 42 U.S.C. § 1983; Gibson v. U.S., 781 F.2d 1334, 1338 (9th Cir. 1986) ("To make out a cause of action under section 1983, plaintiff[] must plead that (1) the defendants acting under color of state law (2) deprived plaintiff[] of rights secured by the Constitution or federal statutes.").

As such, the Court DISMISSES Plaintiff's Amended Complaint in its entirety with prejudice.

### B. Hawaii Law

Cases from the Supreme Court and Ninth Circuit indicate that federal law can preclude an individual from obtaining firearms, even if that individual is qualified to possess firearms under state law.

-47-

In U.S. v. Brailey, which this Court discusses hereinbefore, Brailey was convicted of violating § 922(g)(9). Brailey, 408 F.3d at 610. Citing the Supreme Court's decision in Caron v. U.S., 524 U.S. 308, 313-14 (1998), Brailey argued that a 2000 amendment to Utah law (allowing misdemeanants like himself to possess firearms) was a state law to which the federal law must give "full effect." The Ninth Circuit affirmed Brailey's conviction under § 922(g)(9) even though he was qualified to possess firearms under Utah law because "Caron decided that the defendant could be convicted of possession of a firearm, in his case a rifle, under federal law, even though his possession of the rifle was permitted under state law. Caron's holding, therefore, is that federal law, not state law, controls the right of a defendant to bear a firearm under a federal statute." Brailey, 408 F.3d at 612; see also Caron, 524 U.S. at 316 ("Restoration of the right to vote, the right to hold office, and the right to sit on a jury turns on so many complexities and nuances that state law is the most convenient source for definition. As to the possession of weapons, however, the Federal Government has an interest in a single, national, protective policy, broader than required by state law.").

As Defendants point out in their supplemental brief, these two cases demonstrate that "Congress anticipated that there would be discrepancies in the various states' procedures

-48-

**48**

regarding means to expunge, set aside or pardon convictions, and restoration of civil rights, but that the focus is on a single [national] policy regarding the prohibition of firearm ownership for individuals who commit a misdemeanor crime of domestic violence." (Defs.'s Supp. Brief at 5.)

Similarly, in <u>Chovan</u>, which this Court discusses above, Daniel Chovan was convicted in 1996 of the misdemeanor of inflicting corporal injury on a spouse, in violation of California Penal Code § 273.5(a). <u>Chovan</u>, 735 F.3d at 1130. Under California Penal Code § 12021(c)(1), which at the time applied to misdemeanants generally, Chovan was barred from owning any firearm for a ten-year period following his conviction. <u>Id.</u> However, under  18 U.S.C. § 922(g)(9), Chovan was barred from possessing any firearm for life. <u>Id.</u> In 2010, and after the California ten-year limitations period had run, Chovan was indicted for and convicted of possessing firearms in violation of § 922(g)(9). <u>Id.</u> at 1131. On appeal, the Ninth Circuit affirmed Chovan's conviction under § 922(g)(9), despite the fact that Chovan was statutorily qualified under state law to possess firearms. <u>Id.</u>

Accordingly, pursuant to the <u>Brailey</u>, <u>Caron</u> and <u>Chovan</u> decisions, federal law can preclude Plaintiff from obtaining a firearms permit, even assuming he qualifies under Hawaii statutory law.

In any event, this Court finds that H.R.S. § 134-7(a)
bars Plaintiff from possessing firearms. H.R.S. § 134-7(a) was
added to § 134-7's statutory scheme in 2006 and allows the police
chief to deny a firearms permit to persons who are "prohibited
from possessing firearms or ammunition under federal law."

In its Sept. 30 Order, the Court noted that neither
party addressed whether the police chief was entitled to
retroactively apply H.R.S. § 134-7(a). Sept. 30 Order at 20 n.
15. Because the Lautenberg Amendment (as defined in Belless) did
not bar Plaintiff from obtaining a firearms permit, the Court
concluded that it need not determine whether it was improper for
the police chief to apply § 134-7(a). Now, in light of Castleman,
the Court finds that the Lautenberg Amendment prohibits Plaintiff
from possessing firearms. Consequently, the issue before the
Court is whether the application of § 134-7(a) would have an
impermissible retroactive effect.

The Ninth Circuit has articulated a two-step framework
for determining whether a statute has an impermissible
retroactive effect. Sacks v. S.E.C., 648 F.3d 945, 951 (9th Cir.
2011). First, a court must "determine whether the statute . . .
clearly expresses that the law is to be applied retroactively."
Id. If not, a court must "consider whether application of the
[statute] would have a retroactive effect by 'attaching new legal
consequences to events completed before its enactment.'" Id.

-50-

**50**

(quoting <u>Mejia v. Gonzales</u>, 499 F.3d 991, 997 (9th Cir. 2007)).

Here, the Court in its review of § 134-7(a)'s legislative history has not found any indication that the Hawaii State Legislature intended the statute to be applied retroactively. <u>See</u> 2006 Haw. Sess. Laws at 28-30; 2006 Haw. Senate Journal of 23rd Legislature at 1200 & 1277; 2006 Haw. House of Representatives Journal of 23rd Legislature at 1497 & 1653. However, proceeding to the second step of the <u>Sacks</u> framework, it appears that application of § 134-7(a) would not have an impermissible retroactive effect in this case. Specifically, the Lautenberg Amendment was enacted in 1996 and, therefore, defined gun rights at the time Plaintiff was convicted in 1997. Accordingly, it appears that the application of § 134-7(a) would not have an impermissible retroactive effect because the state law does not take away or impair rights Plaintiff had before the law was enacted. <u>Landgraf v. USI Film Products</u>, 511 U.S. 244, 269-270 (1994) (holding that a court examining if a law should be applied retroactively should consider whether the "new provision attaches new legal consequences to events completed before its enactment").

For these reasons, the Court concludes that H.R.S. § 134-7(a) precludes Plaintiff from acquiring a firearms permit.[20/]

---

[20/]Because 18 U.S.C. § 922(g)(9) and H.R.S. § 134-7(a) bar Plaintiff from possessing firearms, the Court finds it

(continued...)

-51-

Since Plaintiff's constitutional rights have not been violated, it follows that the claims against Kealoha and the City lack merit.[21/]

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Summary Judgment or, in the Alternative, Motion for Reconsideration.

All claims against the City and Kealoha are dismissed with prejudice because Plaintiff's prior harassment convictions prohibit him from obtaining a firearms permit pursuant to 18

---

[20/](...continued)
unnecessary to address subsections (b) and (c) of H.R.S. § 134-7.

[21/]Alternatively, the Court finds that Kealoha is entitled to qualified immunity and the City is not subject to municipal liability under Monell v. New York City Dept. Soc. Serv., 436 U.S. 658, 694 (1978).

The qualified immunity defense is a two-part inquiry: (1) whether the facts shown make out a violation of a constitutional or federal statutory right and (2) whether that "right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011). Here, the Court does not have to proceed to the second step of the qualified immunity inquiry: as discussed supra, the Court finds that there was no violation of Plaintiff's Second Amendment rights as he is statutorily disqualified under 18 U.S.C. § 922(g)(9) and H.R.S. § 134-7(a) from possessing firearms. Accordingly, the Court finds that Kealoha is entitled to qualified immunity as to Plaintiff's claims for money damages.

For the same reason, the Court concludes that the City is not liable under Monell. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (finding that to prevail on a Monell claim a plaintiff must establish, inter alia, that he possessed a constitutional right of which he was deprived).

-52-

U.S.C. § 922(g)(9) and H.R.S. § 134-7(a).[22/] The Court finds that 18 U.S.C. § 922(g)(9) is constitutional as applied to Plaintiff because, inter alia, he can restore his Second Amendment rights by seeking a pardon for his harassment convictions.[23/]

In sum, the Court concludes that Plaintiff's recourse from the prohibitions under 18 U.S.C. § 922(g)(9) and H.R.S. § 134-7(a) is to seek a pardon for his harassment convictions.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, July 18, 2014.



Alan C. Kay
Senior United States District Judge

Fisher v. Kealoha et al., Civ. No. 11-00589 ACK-BMK: ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION.

---

[22/]Because Plaintiff is statutorily disqualified from possessing firearms under 18 U.S.C. § 922(g)(9) and H.R.S. § 134-7(a), the Court vacates its prior Order, entered on June 29, 2012, in which the Court issued a preliminary injunction directing Kealoha to "rescind the prior denial of Plaintiff's permit to acquire firearms and to issue a permit authorizing Plaintiff to acquire firearms." 2012 Preliminary Injunction Order at 36.

[23/]The Court also finds that Section 922(g)(9) is constitutional on its face. See footnote 15, page 31 of this Order (explaining that the analysis to be applied to facial and as-applied constitutional challenges is the same).

-53-

LAW OFFICES OF DONALD L. WILKERSON

DONALD L. WILKERSON     5730
TE-HINA ICKES  9012
1003 Bishop Street, Suite 703
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile:  (808) 369-8289
Email:  don@allislandslaw.com
Email: tehina@gmail.com

Attorneys for Plaintiff
KIRK C. FISHER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIRK C. FISHER,<br><br>       Plaintiff,<br><br>    vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; PAUL PUTZULU, as an individual and in his official capacity as former acting Honolulu Chief of Police; and CITY AND COUNTY OF HONOLULU,<br><br>      Defendants. | CIVIL NO.  11-00589 ACK-BMK<br>(Other Civil Action)<br><br>NOTICE OF APPEAL OF ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION; CERTIFICATE OF SERVICE |

## NOTICE OF APPEAL OF ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR,
## IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION

Notice is hereby given that Plaintiff KIRK C. FISHER, in the above-entitled action, hereby appeals to the United States Court of Appeals for the Ninth Circuit from this Court's Order granting Defendants' Motion for Summary Judgment or, in the Alternative, Motion for Reconsideration, entered in this action on July 18, 2014.

Dated: Honolulu, Hawaii, August 5, 2014.

_/s/ Donald L. Wilkerson __
DONALD L. WILKERSON
TE-HINA ICKES
Attorneys for Plaintiff
KIRK C. FISHER

2

## U.S. District Court
## District of Hawaii (Hawaii)
## CIVIL DOCKET FOR CASE #: 1:11-cv-00589-ACK-BMK

Fisher v. Kealoha et al
Assigned to: JUDGE ALAN C KAY
Referred to: Judge BARRY M. KURREN
Case in other court: 9CCA, CA 12-17199
Cause: 42:1983 Civil Rights Act

Date Filed: 09/28/2011
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

### Plaintiff

**Kirk C. Fisher**

represented by **Donald L. Wilkerson**
1003 Bishop Street, Suite 703
Honolulu, HI 96813
533-4447
Fax: 528-2440
Email: don@allislandslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Te-Hina Te-Moana Ickes**
1003 Bishop Street, Suite 703
Honolulu, HI 96813
533-4447
Fax: 566-0347
Email: tehina@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Louis Kealoha**
*as an individual and in his official*
*capacity as Honolulu Chief of Police*
*TERMINATED: 07/18/2014*

represented by **Curtis E. Sherwood**
Office of Corporation Counsel-Honolulu
530 S King St Ste 110
Honolulu, HI 96813
768-5134
Fax: 768-5105
Email: csherwood@honolulu.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**D. Scott Dodd**
Office of Corporation Counsel-
Honolulu
530 S King St Ste 110
Honolulu, HI 96813
768-5129
Fax: 768-5105
Email: dsdodd@honolulu.gov
*TERMINATED: 10/08/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa W. Cataldo**
Office of Corporation Counsel-
Honolulu
530 S King St Ste 110
Honolulu, HI 96813
768-5129
Email: lcataldo@honolulu.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marguerite S. Nozaki**
Office of Corporation Counsel-
Honolulu
530 S King St Ste 110
Honolulu, HI 96813
768-5239
Fax: (808) 768-5105
Email: mnozaki@honolulu.gov
*TERMINATED: 10/08/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark M. Murakami**
Damon Key Leong Kupchak Hastert
1003 Bishop Street, Suite 1600
Honolulu, HI 96813
531-8031
Fax: 533-2242
Email: mmm@hawaiilawyer.com
*TERMINATED: 07/10/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Paul Putzulu**                    represented by   **Lisa W. Cataldo**
*as an individual and in his official*                (See above for address)
*capacity as fomer acting Honolulu*                   *LEAD ATTORNEY*
*Chief of Police*                                     *ATTORNEY TO BE NOTICED*

                                                      **Marguerite S. Nozaki**
                                                      (See above for address)
                                                      *TERMINATED: 10/08/2014*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*


**Defendant**

**City and County of Honolulu**     represented by   **Curtis E. Sherwood**
*TERMINATED: 07/18/2014*                              (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **D. Scott Dodd**
                                                      (See above for address)
                                                      *TERMINATED: 10/08/2014*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Lisa W. Cataldo**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Marguerite S. Nozaki**
                                                      (See above for address)
                                                      *TERMINATED: 10/08/2014*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*


**Defendant**

**Honolulu Police Department**      represented by   **D. Scott Dodd**
*TERMINATED: 06/14/2012*                              (See above for address)
                                                      *TERMINATED: 10/08/2014*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Doe Defendants 1-50**


**Amicus**

**Hawaii Defense Foundation**                   represented by   **Alan A. Beck**
4780 Governor Drive
San Diego, CA 92122
(808) 295-6733
Email: ngord2000@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Amicus**

**Brady Center To Prevent Gun**                 represented by   **Mark M. Murakami**
**Violence**                                                     (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeff Kosseff**
Covington & Burling LLP
1201 Pennsylvania Ave N W
Washington, DC 20004-2401
(202) 662-5489
Fax: (202) 778-5489

**Phillip A. Rubin**
Covington & Burling LLP
1201 Pennsylvania Ave N W
Washington, DC 20004-2401
(202) 662-5489
Fax: (202) 778-5489
*TERMINATED: 05/27/2014*


| Date Filed | # | Docket Text |
|---|---|---|
| 10/21/2014 | 150 | Appeal NOTICE OF DOCKET ACTIVITY REPORT re 139 Notice of Appeal, 9CCA No. 14-16514.<br>Docket Text: "Letter certifying to the Attorney General of Hawaii a constitutional challenge to a state statute served on David M. Louie, Attorney General of Hawaii, via Fedex." (Attachments: # 1 General Docket USCA Case 14-16514) (afc) Parties served by 9CCA. (Entered: 10/22/2014) |

| | | |
|---|---|---|
| 10/20/2014 | 149 | Certificate of Record re 139 Notice of Appeal, USCA Number: 14-16514. (lmg, )<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 10/20/2014) |
| 10/08/2014 | 148 | NOTICE of Appearance by Curtis E. Sherwood on behalf of City and County of Honolulu, Louis Kealoha on behalf of City and County of Honolulu, Louis Kealoha. (Sherwood, Curtis) (Entered: 10/08/2014) |
| 10/08/2014 | 147 | TRANSCRIPT of Proceedings held on June 16, 2014, - before Judge ALAN C KAY. Court Reporter/Transcriber ANN B MATSUMOTO, Telephone number 808 521-1877. Transcript may be viewed at the court public terminal or ordered through the Court Reporter/Transcriber before the deadline for Release of Transcript. Remote availability of electronic transcripts is regulated by FRCP 5.2(a),FRCrP 49.1(a) and FRBP 9037(a) Redaction Request due 10/27/2014. Redacted Transcript Deadline set for 11/5/2014. Release of Transcript Restriction set for 1/5/2015. (Matsumoto, Ann) (Entered: 10/08/2014) |
| 10/07/2014 | 146 | TRANSCRIPT of Proceedings Plaintiff's Motion for Permanent Injunction and Plaintiff's Motion for Summary Judgment held on 08/12/2013 before Judge Alan C. Kay. Court Reporter Cynthia R. Ott, Telephone number (808) 541-2062. Transcript may be viewed at the court public terminal or ordered through the Court Reporter/Transcriber before the deadline for Release of Transcript. Remote availability of electronic transcripts is regulated by FRCP 5.2(a), FRCrP 49.1(a) and FRBP 9037(a). Redaction Request due 10/27/2014. Redacted Transcript Deadline set for 11/4/2014. Release of Transcript Restriction set for 1/2/2015. (co@hid.uscourts.gov) PP.8. (Entered: 10/07/2014) |
| 09/04/2014 | 145 | TRANSCRIPT Designation and Ordering Form by Kirk C. Fisher for proceedings held on 06/16/2014 before Judge Alan C. Kay, re 139 Notice of Appeal Transcript due by 10/6/2014. (Wilkerson, Donald) (Entered: 09/04/2014) |
| 09/04/2014 | 144 | TRANSCRIPT Designation and Ordering Form by Kirk C. Fisher for proceedings held on 09/17/2013 before Judge Alan C. Kay, re 139 Notice of Appeal Transcript due by 10/6/2014. (Wilkerson, Donald) (Entered: 09/04/2014) |
| 09/04/2014 | 143 | TRANSCRIPT Designation and Ordering Form by Kirk C. Fisher for proceedings held on 08/12/2013 before Judge Alan C. Kay, re 139 Notice of Appeal Transcript due by 10/6/2014. (Wilkerson, Donald) (Entered: 09/04/2014) |
| 09/04/2014 | 142 | TRANSCRIPT Designation and Ordering Form by Kirk C. Fisher for proceedings held on 6/14/2012 before Judge Alan C. Kay, re 139 Notice of |

| | | |
|---|---|---|
| | | Appeal Transcript due by 10/6/2014. (Wilkerson, Donald) (Entered: 09/04/2014) |
| 09/04/2014 | 141 | TRANSCRIPT Designation and Ordering Form by Kirk C. Fisher for proceedings held on 04/09/12 before Judge Alan C. Kay, re 139 Notice of Appeal Transcript due by 10/6/2014. (Wilkerson, Donald) (Entered: 09/04/2014) |
| 08/06/2014 | 140 | USCA CA 14-16514 Time Schedule Order as to 139 Notice of Appeal filed by Kirk C. Fisher. (gab, )No COS issued for this docket entry (Entered: 08/06/2014) |
| 08/05/2014 | 139 | **NOTICE OF APPEAL** as to 137 Order on Motion for Summary Judgment,, by Kirk C. Fisher. Filing fee $ 505, receipt number 0975-1427153. Appeal Record due by 8/18/2014. (Attachments: # 1 Certificate of Service)(Wilkerson, Donald) *Docket text modified on 9/5/2014:* 9CCA No. 14-16514 (afc). (Entered: 08/05/2014) |
| 07/28/2014 | 138 | EO: Jury Selection/Jury Trial Date of 9/3/2014 before Judge Kay, Final PreTrial conference of 8/7/2014 before Judge Kurren and all Trial related Deadlines are hereby vacated. (Refer to [ECF No. 137] Order Granting Defendant's Motion for Summary Judgment or, in the Alternative Motion for Reconsideration.) (JUDGE ALAN C KAY)(lls, )No COS issued for this docket entry (Entered: 07/28/2014) |
| 07/18/2014 | 137 | ORDER Granting Defendants' 115 Motion for Summary Judgment or, In The Alternative, Motion For Reconsideration. Signed by JUDGE ALAN C KAY on 7/18/14. (gab, ) <div style="text-align:center">CERTIFICATE OF SERVICE</div> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 07/18/2014) |
| 07/07/2014 | 136 | RESPONSE re 122 Amicus Curiae Appearance *Further Briefing in Response to the Supplemental Amicus Brief filed by Hawaii Defense Foundation on April 10, 2014; Certificate of Service* filed by City and County of Honolulu, Louis Kealoha. (Attachments: # 1 Certificate of Service)(Nozaki, Marguerite) (Entered: 07/07/2014) |
| 06/25/2014 | 135 | EO: The Final Pretrial Conference set for 7/22/2014 is CONTINUED to 8/7/2014 at 10:00AM before Judge Barry M. Kurren. Final Pretrial Conference Statements are due 7/31/2014. (Judge BARRY M. KURREN)(kur2) <div style="text-align:center">CERTIFICATE OF SERVICE</div> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 06/25/2014) |

| 06/20/2014 | 134 | EO: At the 6/16/2014 hearing on Defendants' Motion for Summary Judgment or, in the Alternative, Motion for Reconsideration (Doc. No. 115), Plaintiff acknowledged that amicus curiae Hawaii Defense Foundation ("HDF") raised issues in its supplemental amicus brief (Doc. No. 122), filed 4/10/2014, which Plaintiff had not raised in his Amended Complaint (Doc. No. 31) or Opposition (Doc. No. 124), filed 5/23/2014, or by way of argument at the hearing. Several hours after the hearing Plaintiff filed a Motion to Incorporate and Reference in its Entirety HDF's supplemental amicus brief. (Doc. No. 132.) At the hearing Defendants requested that, if the Court were to consider arguments raised only by HDF, Defendants be given an opportunity to file a brief in response. Defendants had previously noted in its Reply (Doc. No. 127), filed 6/2/2014, that it was inappropriate for an amicus curiae to raise issues that had not been raised by the parties. (Reply at 10 (citing Artichoke Joe's Cal. Grand Casino v. Norton, 353 F.3d 712, 719 (9th Cir. 2003)); see also Swan v. Peterson, 6 F.3d 1373, 1383 (9th Cir. 1993)). Under these circumstances, the Court determines that it will sua sponte in its discretion consider issues raised by HDF, and will allow Defendants to file a brief in response. Defendants brief must be filed by Monday, 7/7/2014, and may not exceed fifteen (15) pages. The Court notes that since both HDF and Plaintiff have already taken the opportunity to address the issues in HDF's supplemental amicus brief, only Defendants will be permitted to file an additional brief. The thrust of HDF's argument in its supplemental amicus brief appears to be summarized as follows: Defendants suggest that H.R.S. [§] 134-7 is an application of federal law onto Mr. Fisher. As the Ninth Circuit ruling in United States v. Chovan, 735 F.3d 1127 (9th Cir. 2013) illustrates, H.R.S. [§] 134-7 has no federal mandate and is unconstitutional as applied to Mr. Fisher. The Ninth Circuit applied intermediate scrutiny in finding California's adoption of [the] Lautenberg [Amendment] fulfills federal intent and is constitutional largely because California has an expungement process which allows domestic violence offenders to regain their firearm[] rights. Unlike California, Hawaii has no means to expunge or set aside a conviction of any crime of violence. Accordingly, Hawaii can not purport to properly apply federal law because [the] Lautenberg [Amendment] explicitly requires [s]tates to have some means to restore rights in order to properly apply its provisions. The plain language of the Lautenberg Amendment contemplates some mechanism for reinstating Second Amendment rights after a misdemeanor conviction for domestic violence by having the conviction set aside or expunged. (Supp. Amicus Brief at 3-4) (emphasis in original.) On page four of its supplemental amicus brief, HDF included a footnote in which it... concedes that in accordance with Planck's constant a gubernatorial pardon could in theory partially restore Second Amendment rights. Mr. Fisher would still be unable to purchase firearms in other states in order to own in Hawaii as these pardons only apply within Hawaii. As a more practical matter a pardon must specifically state it restores Second Amendment rights and |

| | | |
|---|---|---|
| | | these pardons are not granted.... (Id. at 4 n. 1.) The Court notes that under Article Five Section Five of The Constitution of the State of Hawaii the Governor of Hawaii is authorized to grant pardons; however, HDF contends, without citing any authority, that such a pardon would only apply in Hawaii and must specifically restore Second Amendment rights. The Court notes that Defendants did not discuss U.S. v. Chovan, 735 F.3d 1127 (9th Cir. 2013) in its brief; as that case and the constitutionality of H.R.S. § 134-7 as applied to Plaintiff was raised only by HDF. The Court concludes that given HDF's challenge that H.R.S. § 134-7 is unconstitutional as applied to Plaintiff because allegedly there is no process by which his Second Amendment rights could be sufficiently restored, and the asserted harsh results, HDF's argument should be addressed now. IT IS SO ORDERED. (JUDGE ALAN C KAY)(lls, )<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 06/20/2014) |
| 06/20/2014 | 133 | EP: Settlement Conference held. No settlement at this time. A Further Settlement Conference is on call. (Chambers no record 10:30-10:45am.) (Judge BARRY M. KURREN)(kur2 )<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 06/20/2014) |
| 06/16/2014 | 132 | MOTION TO INCORPORATE AND REFERENCE IN ITS ENTIRETY BRIEF OF THE AMICUS CURIAE HAWAII DEFENSE FOUNDATION IN SUPPORT OF PLAINTIFF (DOCUMENTS #73, et al.) Donald L. Wilkerson appearing for Plaintiff Kirk C. Fisher (Attachments: # 1 Certificate of Service)(Wilkerson, Donald) (Entered: 06/16/2014) |
| 06/16/2014 | 131 | EP: Motion Hearing held on 6/16/2014 re 115 MOTION for Summary Judgment Or In The Alternative, Motion for Reconsideration filed by City and County of Honolulu, Kirk C. Fisher, Paul Putzulu and Louis Kealoha. Oral Discussion Held. Motion Taken Under Advisement.(Court Reporter Anne Matsumoto.) (JUDGE ALAN C KAY)(lls, )No COS issued for this docket entry (Entered: 06/16/2014) |
| 06/14/2014 | 130 | MOTION for Leave to File *Additional Exhibits to Supplement Plaintiff's Concise Statement of Facts in Opposition to Defendants' Motion for Summary, or in the Alternative, Motion for Reconsideration* Te-Hina Te-Moana Ickes appearing for Plaintiff Kirk C. Fisher (Attachments: # 1 Declaration of Te-Hina Ickes, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Certificate of Service)(Ickes, Te-Hina) (Entered: 06/14/2014) |
| 06/12/2014 | 129 | EO: On June 12, 2014, amicus curiae Brady Center to Prevent Gun |

| | | |
|---|---|---|
| | | Violence (Brady Center) submitted an oral request for attorney Jeff Kosseff to appear by phone at the hearing set for June 16, 2014. The Court grants leave for Mr. Kosseff to appear before the Court via telephone at the June 16, 2014 hearing, subject to any valid objection by either party, since Brady Center has not filed a motion to submit an amicus brief or any briefing in connection with Defendants Louis Kealoha and City and County of Honolulus Motion for Summary Judgment, or in the Alternative, Motion for Reconsideration (Doc. No. 115). IT IS SO ORDERED. (JUDGE ALAN C KAY)(tl, )<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 06/12/2014) |
| 06/02/2014 | 128 | Concise Statement in Support re 127 Reply *and Objections to Plaintiff's Concise Statement of Facts [Doc. No. 125]* filed by City and County of Honolulu, Louis Kealoha. (Attachments: # 1 Declaration of Buenaventura Claunan, # 2 Certificate of Compliance, # 3 Certificate of Service)(Nozaki, Marguerite) (Entered: 06/02/2014) |
| 06/02/2014 | 127 | REPLY *Memorandum in Response to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment* filed by City and County of Honolulu, Louis Kealoha. (Attachments: # 1 Certificate of Service)(Nozaki, Marguerite) (Entered: 06/02/2014) |
| 05/27/2014 | 126 | NOTICE by Brady Center To Prevent Gun Violence *Notice of Withdrawal of Counsel: Phillip A. Rubin, Esq.* Brady Center To Prevent Gun Violence. (Attachments: # 1Certificate of Service)(Murakami, Mark) (Entered: 05/27/2014) |
| 05/23/2014 | 125 | CONCISE STATEMENT in Opposition re 115 MOTION for Summary Judgment *Or In The Alternative, Motion for Reconsideration* filed by Kirk C. Fisher. (Attachments: # 1Declaration of Kirk C. Fisher, # 2 Declaration of Te-Hina Ickes, # 3 Exhibit 1, # 4 Certificate of Service)(Ickes, Te-Hina) (Entered: 05/23/2014) |
| 05/23/2014 | 124 | MEMORANDUM in Opposition re 115 MOTION for Summary Judgment *Or In The Alternative, Motion for Reconsideration* filed by Kirk C. Fisher. (Attachments: # 1Certificate of Service)(Ickes, Te-Hina) (Entered: 05/23/2014) |
| 04/23/2014 | 123 | NOTICE by Hawaii Defense Foundation *Supplemental Authority* Hawaii Defense Foundation. (Attachments: # 1 Appendix)(Beck, Alan) (Entered: 04/23/2014) |
| 04/10/2014 | 122 | Amicus Curiae APPEARANCE entered by Alan A. Beck on behalf of Hawaii Defense Foundation. (Attachments: # 1 Exhibit, # 2 Exhibit)(Beck, Alan) (Entered: 04/10/2014) |

| | | |
|---|---|---|
| 04/10/2014 | 121 | EO: On 4/2/2014, Defendants filed a Motion for Summary Judgment, or in the Alternative, Motion for Reconsideration. (Doc. No. 115.) On 4/6/2014, amicus curiae Hawaii Defense Foundation filed a Motion to File Supplemental Amicus Brief ("Motion"). (Doc. No. 119.) Hawaii Defense Foundations supplemental amicus brief is attached as an exhibit to the Motion. (Id. Ex. 1.) On April 7, 2014, Hawaii Defense Foundation filed an Errata in order to attach a copy of an academic study to its supplemental amicus brief. (Doc. No. 120.) The Court hereby GRANTS Hawaii Defense Foundation's Motion. Hawaii Defense Foundation may file its supplemental amicus brief and Errata in connection with Defendants Motion for Summary Judgment, or in the Alternative, Motion for Reconsideration. IT IS SO ORDERED. (JUDGE ALAN C KAY)(lls, )<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 04/10/2014) |
| 04/07/2014 | 120 | Errata re 119 MOTION to File Supplemental Amicus Brief . (Attachments: # 1 Exhibit)(Beck, Alan) (Entered: 04/07/2014) |
| 04/06/2014 | 119 | MOTION to File Supplemental Amicus Brief Alan A. Beck appearing for Amicus Hawaii Defense Foundation (Attachments: # 1 Exhibit)(Beck, Alan) Modified on 4/7/2014 to add text (emt, ).(Entered: 04/06/2014) |
| 04/04/2014 | 118 | NOTICE of Hearing on Motion 115 Defendants City and County of Honolulu, Louis Kealoha and Paul Putzulu's MOTION for Summary Judgment Or in The Alternative, Motion for Reconsideration set for 6/16/2014 at 10:00 AM before JUDGE ALAN C KAY. (lls, )<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry. (Entered: 04/04/2014) |
| 04/03/2014 | 117 | Declaration re 116 Concise Statement in Support of Motion, *Declaration of Marguerite S. Nozaki*. (Nozaki, Marguerite) (Entered: 04/03/2014) |
| 04/03/2014 | | ADVISORY ENTRY. Please be advised that the Declaration of Marguerite S. Nozaki included with 116 Separate and Concise Statement of Facts filed by City and County of Honolulu, Kirk C. Fisher, Paul Putzulu, Louis Kealoha is not signed. The filing party may resubmit a signed declaration. (emt, ) (Entered: 04/03/2014) |
| 04/02/2014 | 116 | CONCISE STATEMENT in Support re 115 MOTION for Summary Judgment *Or In The Alternative, Motion for Reconsideration* filed by City and County of Honolulu, Kirk C. Fisher, Louis Kealoha, Paul Putzulu. (Attachments: # 1 Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Certificate of Compliance, # 11 Certificate of Service)(Nozaki, Marguerite) (Entered: 04/02/2014) |

| | | |
|---|---|---|
| 04/02/2014 | [115](#) | MOTION for Summary Judgment *Or In The Alternative, Motion for Reconsideration* Marguerite S. Nozaki appearing for Defendants City and County of Honolulu, Louis Kealoha, Paul Putzulu, Plaintiff Kirk C. Fisher (Attachments: # [1](#) Memorandum In Support of Motion, # [2](#) Certificate of Service)(Nozaki, Marguerite) (Entered: 04/02/2014) |
| 02/24/2014 | [114](#) | First Amended Rule 16 SCHEDULING ORDER:. Signed by Judge BARRY M. KURREN on 2/24/14. (gab, )<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 02/24/2014) |
| 02/21/2014 | [113](#) | EP: Status Conference Re Dates and Deadlines held. Dates given, as shown below. Court to prepare scheduling order. Discovery due by 7/7/2014. Motions due by 4/2/2014. Final Pretrial Conference set for 7/22/2014 09:30 AM before Judge BARRY M. KURREN. Jury Selection/Trial set for 09:00 AM on 9/3/2014 before JUDGE ALAN C KAY. Settlement Conference set for 6/20/2014 10:30 AM before Judge BARRY M. KURREN. (C8 no record 9:28-9:35am.) (Judge BARRY M. KURREN)(kur2)<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 02/21/2014) |
| 02/13/2014 | 112 | EO: A Status Conference Re Dates and Deadlines is set for 2/21/2014 at 9:30AM (Hawaii time) before Judge BARRY M. KURREN. Counsel may participate by phone by notifying Judge Kurren's Courtroom Manager (808-541-1306) before the conference, and providing the phone number at which counsel may be reached at the time of the Conference. (Judge BARRY M. KURREN)(kur2)<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 02/13/2014) |
| 09/30/2013 | [111](#) | ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (2) DENYING PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION re [75](#) ; [77](#) . Signed by JUDGE ALAN C KAY on 09/30/2013. (eps )<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 09/30/2013) |
| 09/27/2013 | [110](#) | TRANSCRIPT of Proceedings Plaintiff's Motion for Permanent Injunction and Plaintiff's Motion for Summary Judgment held on 09-17-2013 before Judge Alan C. Kay. Court Reporter Cynthia R. Ott, Telephone number |

| | | |
|---|---|---|
| | | 808-541-2062. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Remote availability of electronic transcripts is regulated by FRCP 5.2(a), FRCP 49.1(a), and FRBP 9037(a). Redaction Request due 10/15/2013. Redacted Transcript Deadline set for 10/25/2013. Release of Transcript Restriction set for 12/23/2013. (co@hid.uscourts.gov) PP.71. (Entered: 09/27/2013) |
| 09/17/2013 | 109 | EP: Motions' Hearing held on 9/17/2013 re 77 MOTION for Summary Judgment filed by Kirk C. Fisher and 75 MOTION for Permanent Injunction filed by Kirk C. Fisher-Oral discussion Held. Motions' Taken Under Advisement.(Court Reporter Cynthia Ott.) (JUDGE ALAN C KAY)(lls, )No COS issued for this docket entry (Entered: 09/17/2013) |
| 09/13/2013 | 108 | NOTICE by Hawaii Defense Foundation Hawaii Defense Foundation. (Attachments: # 1 Supplement)(Beck, Alan) (Entered: 09/13/2013) |
| 09/03/2013 | 107 | EO: Amicus Curiae The Brady Center to Prevent Gun Violence submitted a request for attorney Phillip A. Rubin to appear by phone at the hearing set for 9/17/2013. The Court grants leave for Mr. Rubin to appear before the Court via telephone at the hearing. The Court notes that The Brady Center would be better represented if counsel appeared in person at the hearing. IT IS SO ORDERED. (JUDGE ALAN C KAY)(lls, )<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 09/03/2013) |
| 08/22/2013 | 106 | MEMORANDUM in Opposition re 77 MOTION for Summary Judgment *Supplemental Brief* filed by City and County of Honolulu, Louis Kealoha. (Attachments: # 1 Certificate of Service)(Dodd, D.) (Entered: 08/22/2013) |
| 08/22/2013 | 105 | SUPPLEMENT re 77 MOTION for Summary Judgment filed by Kirk C. Fisher, 75 MOTION for Permanent Injunction filed by Kirk C. Fisher by Kirk C. Fisher . (Attachments: #1 Certificate of Service)(Ickes, Te-Hina) (Entered: 08/22/2013) |
| 08/22/2013 | 104 | SUPPLEMENT re 93 Memorandum filed by Brady Center To Prevent Gun Violence by Brady Center To Prevent Gun Violence *Supplemental Brief of Amicus Curiae Brady Center to Prevent Gun Violence in Response to The Court's August 12, 2013 Order*. (Attachments: # 1 Certificate of Service)(Murakami, Mark) (Entered: 08/22/2013) |
| 08/13/2013 | 103 | SUPPLEMENT by Hawaii Defense Foundation . (Beck, Alan) (Entered: 08/13/2013) |
| 08/12/2013 | 102 | EO: On 8/12/2013, this Court held a hearing regarding Plaintiff's Motion for Summary Judgment (ECF No. 77) and Motion for Permanent |

| | | Injunction (ECF No. 79). ECF No. 101. For the following reasons, the Court GRANTS the parties leave to submit supplemental briefing regarding the following issues: (1) The Court observes that all counsel have failed to address the United States Supreme Court decision Descamps v. United States, 133 S. Ct. 2276 (2013), which was filed on June 20, 2013 and which will likely be controlling in the determination of whether Plaintiff was convicted for a crime of violence under 18 U.S.C. § 922(g)(9) and Hawai'i Revised Statutes § 134-7(b). (2) The Court at the hearing granted Defendants' Motion for Leave to File Document Consisting of an Additional Exhibit after having found that Plaintiff will not suffer prejudice because of the opportunity to file a supplemental brief. ECF No. 101. The Exhibit consists of a deposition of Plaintiff taken on April 17, 2013, which includes statements by Plaintiff that he "pushed" his wife, causing her to fall backwards on the ground as well as statements regarding the counseling he received under the probation condition that he "attend substance abuse assessment and... participate in counseling and/or treatment." These are matters that this Court will likely have to consider in this case. In view of the foregoing, all counsel may file supplemental briefs within ten (10) days of this Court's minute order that should address the issues noted above, in addition to whether or not treatment or counseling for substance abuse (including alcohol) disqualifies Plaintiff from a right under the 2nd Amendment to keep and bear arms. Counsel for Plaintiff and Defendants are limited to briefs of no more than ten (10) pages, and amici counsels briefs are limited to no more than five (5) pages. The Court has set another hearing for Tuesday, 9/17/2013 at 10:00 a.m. ECF No. 101. As per the Courts decision at the hearing on 8/12/2013, Defendants' Motion for Summary Judgment is DENIED without prejudice because (1) the notice and hearing requirements in Rule 56.1(i) have not been met, and (2) the Court declines to require the parties to address Defendants Motion that was submitted as a page of their Opposition three weeks before the hearing. IT IS SO ORDERED. (JUDGE ALAN C KAY)(lls, ) |
| | | CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 08/12/2013) |
| 08/12/2013 | [101](#) | EP:Motions Hearing held on 8/12/2013- Plaintiff's Motion for Permanent Injunction [ECF Doc. 75] Plaintiffs Motion for Summary Judgment [ECF Doc.77]Defendants City and County of Honolulu and Louis Kealoha's Motion for Summary Judgment [ECF Doc. 89] Defendants City and County of Honolulu and Louis Kealoha's Motion for leave to file document consisting of an additional exhibit to supplement Defendants Louis Kealoha and City and County of Honolulu's Separate and Concise Counter-Statement of facts in opposition to Plaintiffs Motion for Summary Judgment [ECF Doc. 99]-Court will not hear oral argument as to Plaintiffs Motion for Permanent Injunction and Plaintiffs Motion for Summary Judgment today. The Court Hearing on these two Motions is hereby |

| | | continued to Tuesday, 9/17/2013 at 10:00 a.m. before the Honorable Alan C. Kay.Defendants City and County of Honolulu and Louis Kealoha's Motion tor leave to file document consisting of an additional exhibit (Plaintiffs deposition) to supplement Defendants Louis Kealoha and City and County of Honolulu's Separate and Concise Counter-Statement of facts in opposition to Plaintiffs Motion for Summary Judgment is hereby GRANTED. Court finds by granting this Motion there is no prejudice to the Plaintiffs because Plaintiffs have the opportunity to address the exhibit in their supplemental brief, as explained below.Supplemental Briefing shall be filed in 10 days addressing (1) the U.S. Supreme Court Decision issued on 6/20/2013-Descamps Vs United States, 133S. Ct. 2276 (2013) and (2) the issues raised in Plaintiff's deposition re Plaintiff's previous harassment convictions and his probation conditions about substance abuse. Supplemental Briefing is limited to 10 pages as to the Plaintiff and the Defendants; and limited to 5 pages as to the Amicus Parties.Defendants City and County of Honolulu and Louis Kealoha's Motion for Summary Judgment is hereby Denied without Prejudice. (Court Reporter Cynthia Ott.) (JUDGE ALAN C KAY)(lls, )  <br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry Modified on 8/12/2013 (lls, ). (Entered: 08/12/2013) |
| 08/09/2013 | 100 | RESPONSE in Opposition re 99 MOTION for Leave to File *Document Consisting of an Additional Exhibit to Supplement Defendants Louis Kealoha and City and County of Honolulus Separate and Concise Counter-Statement of Facts in Opposition to Plaintiffs Motion for Summary Judgment fi* filed by Kirk C. Fisher. (Attachments: # *1*Certificate of Service)(Ickes, Te-Hina) (Entered: 08/09/2013) |
| 08/08/2013 | 99 | MOTION for Leave to File *Document Consisting of an Additional Exhibit to Supplement Defendants Louis Kealoha and City and County of Honolulus Separate and Concise Counter-Statement of Facts in Opposition to Plaintiffs Motion for Summary Judgment filed July 22, 2013* D. Scott Dodd appearing for Defendants City and County of Honolulu, Louis Kealoha (Attachments: # 1 Declaration of D. Scott Dodd, # 2 Exhibit E, # 3 Certificate of Service)(Dodd, D.) (Entered: 08/08/2013) |
| 08/01/2013 | 98 | Certificate of Record re 53 Notice of Appeal USCA Number: 12-17199. (lmg, )  <br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 08/01/2013) |
| 07/29/2013 | 97 | REPLY re 89 Memorandum in Opposition to Motion *for Summary Judgment and Motion for Permanent Injunction* filed by Kirk C. Fisher. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Certificate of Service)(Ickes, Te-Hina) (Entered: 07/29/2013) |
| 07/29/2013 | 96 | EO:On 7/28/2013, amicus curiae Hawaii Defense Foundation filed a Motion to Appear by Phone. ECF No. 95. The Court grants leave for Hawaii Defense Foundation to appear before the Court via telephone at the hearing set for August 12, 2013. The Court notes that Hawaii Defense Foundation would be better represented if counsel appeared in person at the hearing. IT IS SO ORDERED. (JUDGE ALAN C KAY)(lls, )<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry. (Entered: 07/29/2013) |
| 07/28/2013 | 95 | MOTION Alan A. Beck appearing for Amicus Hawaii Defense Foundation (Beck, Alan) (Entered: 07/28/2013) |
| 07/25/2013 | | ADVISORY ENTRY. The Docket Entry Number 93 Brief of Amicus Curiae filed by Brady Center To Prevent Gun Violence identifies Exhibit "A". Exhibit "A" is a voluminous 114 pages with cover sheets identifying Attachments A, B, C, D. The preferred filing procedure is to enter separate attachments within Exhibit A. (LR100.2.6). No further action necessary as to this filing. (eps) (Entered: 07/25/2013) |
| 07/24/2013 | 94 | REDACTION to 90 Concise Statement in Opposition to Motion, *RESUBMITTAL OF REDACTED EXHIBITS A - D TO DEFENDANTS LOUIS KEALOHA AND CITY AND COUNTY OF HONOLULUS SEPARATE AND CONCISE COUNTER-STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT, FILED ON JULY 23, 2013* by City and County of Honolulu, Louis Kealoha. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Certificate of Service)(Dodd, D.) (Entered: 07/24/2013) |
| 07/23/2013 | 93 | MEMORANDUM *BRIEF OF AMICUS CURIAE BRADY CENTER TO PREVENT GUN VIOLENCE IN SUPPORT OF DEFENDANTS* filed by Brady Center To Prevent Gun Violence. (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Murakami, Mark) (Entered: 07/23/2013) |
| 07/23/2013 | 92 | NOTICE *of Supplemental Authority* Hawaii Defense Foundation. (Attachments: # 1 Exhibit)(Beck, Alan) (Entered: 07/23/2013) |
| 07/23/2013 | 91 | EO: For good cause, and because Plaintiff and Defendants do not oppose this motion (ECF No. 87), the Court GRANTS the Brady Center to Prevent Gun Violences Motion for Leave to File Amicus Curiae Brief. (ECF Nos. 87 & 88). Any amicus curiae brief submitted by the Brady Center must be filed no later than Friday, 7/26/2013. The Court also grants leave for the Brady Center to participate in oral argument at the hearing set for 8/12/2013. IT IS SO ORDERED. (JUDGE ALAN C KAY)(lls, )<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were |

| | | |
|---|---|---|
| | | served by first class mail on the date of this docket entry (Entered: 07/23/2013) |
| 07/23/2013 | | ADVISORY ENTRY. Please be advised that several of the exhibits attached to the Docket Entry Number 90 Concise Statement in Opposition to Motion, filed by City and County of Honolulu, Louis Kealoha contain personal identifiers. Counsel is advised to refer to LR 100.11.1 through LR100.11.3. The responsibility for redacting these personal identifiers rests with counsel and the parties. (eps) (Entered: 07/23/2013) |
| 07/22/2013 | 90 | CONCISE STATEMENT in Opposition re 77 MOTION for Summary Judgment filed by City and County of Honolulu, Louis Kealoha. (Attachments: # 1 Declaration Thomas T. Nitta, # 2 Declaration Gordon Makishima, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Declaration Walter Calistro, # 8 Certificate of service)(Dodd, D.) (Entered: 07/22/2013) |
| 07/22/2013 | 89 | MEMORANDUM in Opposition re 77 MOTION for Summary Judgment filed by City and County of Honolulu, Louis Kealoha. (Attachments: # 1 Certificate of service)(Dodd, D.) (Entered: 07/22/2013) |
| 07/22/2013 | 88 | SUPPLEMENT re 87 MOTION for Leave to File *AMICUS CURIAE BRIEF* filed by Brady Center To Prevent Gun Violence by Brady Center To Prevent Gun Violence . (Attachments: # 1 Exhibit A Part 1 of 2, # 2 Exhibit A Part 2 of 2, # 3 Certificate of Service)(Murakami, Mark) (Entered: 07/22/2013) |
| 07/12/2013 | 87 | MOTION for Leave to File *AMICUS CURIAE BRIEF* Mark M. Murakami appearing for Interested Party Brady Center To Prevent Gun Violence (Attachments: # 1Memorandum, # 2 Declaration, # 3 Certificate of Service)(Murakami, Mark) (Entered: 07/12/2013) |
| 07/11/2013 | 86 | Filing fee: $ 300.00,receipt number HI008546 re 81 Pro Hac Vice, 83 Order Granting Pro Hac Vice as to Phillip A Rubin (eps ) (Entered: 07/11/2013) |
| 07/11/2013 | 85 | Filing fee: $ 300.00,receipt number HI008547 re 82 Pro Hac Vice, 83 Order on Appear Pro Hac Vice as to Jeff Kosseff (eps) (Entered: 07/11/2013) |
| 07/11/2013 | 84 | NOTICE of Appearance by Mark M. Murakami on behalf of Brady Center To Prevent Gun Violence on behalf of Brady Center To Prevent Gun Violence. (Murakami, Mark) (Entered: 07/11/2013) |
| 07/11/2013 | 83 | ORDER GRANTING THE APPLICATIONS OF JEFF KOSSEFF AND PHILLIP A. RUBIN TO APPEAR PRO HAC VICE re 81 ; 82 . Signed by Judge BARRY M. KURREN on 07/10/2013. (eps)<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 07/11/2013) |

| | | |
|---|---|---|
| 07/09/2013 | 82 | Application *to appear Pro Hac Vice.* of Jeff Kosseff, Esq. (Murakami, Mark) Modified on 7/9/2013 (gab, ). Modified on 7/11/2013 : Event modified to reflect **MOTION For Pro Hac Vice** (eps). (Entered: 07/09/2013) |
| 07/09/2013 | 81 | Application *to appear Pro Hac Vice.* as to Phillip Rubin (Murakami, Mark) Modified on 7/9/2013 (gls, ). Modified on 7/11/2013: Event modified to reflect **MOTION For Pro Hac Vice**(eps ). (Entered: 07/09/2013) |
| 04/11/2013 | 80 | EO: 77 Plaintiff's MOTION for Summary Judgment and 75 Plaintiff's MOTION for Permanent Injunction set for 7/8/2013 is hereby continued to 8/12/2013 at 10:00 AM before JUDGE ALAN C KAY. Judge Kay is on unavailable status from 7/8/2013 through 7/22/2013. (JUDGE ALAN C KAY)(lls, )<br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry. (Entered: 04/11/2013) |
| 02/28/2013 | 79 | NOTICE of Hearing on Motion 77 Plaintiff's MOTION for Summary Judgment set for Court Hearing on 7/8/2013 at 10:00 AM before JUDGE ALAN C KAY. (lls, )<br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry. (Entered: 02/28/2013) |
| 02/26/2013 | 78 | CONCISE STATEMENT of Facts re 77 MOTION for Summary Judgment filed by Kirk C. Fisher. (Attachments: # 1 Declaration Kirk C. Fisher, # 2 Declaration Te-Hina Ickes, #3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Certificate of Service)(Ickes, Te-Hina) (Entered: 02/26/2013) |
| 02/25/2013 | 77 | MOTION for Summary Judgment Te-Hina Te-Moana Ickes appearing for Plaintiff Kirk C. Fisher (Attachments: # 1 Memorandum in Support, # 2 Certificate of Service)(Ickes, Te-Hina) (Entered: 02/25/2013) |
| 02/25/2013 | 76 | NOTICE of Hearing on Motion 75 Plaintiff's MOTION for Permanent Injunction set for Court Hearing on 7/8/2013 at 10:00 AM before JUDGE ALAN C KAY. (lls, )<br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry. (Entered: 02/25/2013) |
| 02/25/2013 | 75 | MOTION for Permanent Injunction Te-Hina Te-Moana Ickes appearing for Plaintiff Kirk C. Fisher (Attachments: # 1 Declaration of Te-Hina Ickes, # 2 Exhibit 1, # 3 Certificate of Service)(Ickes, Te-Hina) (Entered: 02/25/2013) |
| 02/22/2013 | 74 | NOTICE by Hawaii Defense Foundation *notice of claim of* |

| | | |
|---|---|---|
| | | *unconstitutionality* Hawaii Defense Foundation. (Beck, Alan) (Entered: 02/22/2013) |
| 02/01/2013 | 73 | Amicus Curiae APPEARANCE entered by Alan A. Beck on behalf of Hawaii Defense Foundation. (Beck, Alan) (Entered: 02/01/2013) |
| 01/25/2013 | 72 | EP: Status Conference Regarding the [67, 70] Motions for Leave to File Amicus Curiae Brief and 69 Motion to Amend held. Hawaii Defense Foundation's 67 Motion for Leave to File Amicus Curiae Brief; 69 Motion to Amend; and 70 Motion for Leave to File Amicus Curiae Brief are GRANTED. Hawaii Defense Foundation may file an Amicus Curiae Brief in connection with Plaintiff's Motion For Summary Judgment and/or Permanent Injunction. Deadline to file dispositive motions is 2/25/2013. A hearing on Plaintiff's Motion For Summary Judgment and/or Permanent Injunction will be held on 7/8/2013 @ 10:00 a.m. before Judge Alan C. Kay. (C7 No Record; 10:20-10:25) (Judge BARRY M. KURREN)(tyk) <br><br> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 01/25/2013) |
| 01/07/2013 | 71 | EO: A Status Conference Regarding the 67 70 Motions for Leave to File Amicus Curiae Brief and 69 Motion to Amend is set for 1/25/2013 at 10:00AM before Judge Barry M. Kurren. Counsel may participate by phone by notifying Judge Kurren's Courtroom Manager (808-541-1306) before the conference, and providing the phone number at which counsel may be reached. (Judge BARRY M. KURREN)(kur2) <br><br> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 01/07/2013) |
| 01/01/2013 | 69 | First MOTION to Amend/Correct 67 MOTION for Leave to File *amicus brief* Alan A. Beck appearing for Amicus Hawaii Defense Foundation (Attachments: # 1 Main Document amended motion to file amicus, # 2 Memorandum amended memorandum in support, # 3 Exhibit exhibit "B" amended proposed amicus brief of the Hawaii Defense Foundation, # 4 Exhibit exhibit "A" amended Declaration of Alan Beck, # 5 Supplement amended Certificate of Service)(Beck, Alan) (Entered: 01/01/2013) |
| 12/31/2012 | 70 | MOTION for Leave to File Amicus Curiae Brief - Alan A. Beck appearing for Amicus Hawaii Defense Foundation (Attachments: # 1 Memorandum In Support Of Motion, # 2 Exhibit A, # 3 Exhibit B (Amended), # 4 Certificate of Service)(eps) -- The title of the document references "Declaration of Alan Beck". The document does not include a separate attachment entitled "Declaration of Alan Beck" between the Memorandum and the Exhibit A (Entered: 01/02/2013) |

| | | |
|---|---|---|
| 12/31/2012 | 68 | STATEMENT of No Opposition re 67 MOTION for Leave to File *amicus brief* filed by City and County of Honolulu, Louis Kealoha. (Attachments: # 1 Certificate of Service)(Dodd, D.) (Entered: 12/31/2012) |
| 12/20/2012 | 67 | MOTION for Leave to File *amicus brief* Alan A. Beck appearing for Amicus Hawaii Defense Foundation (Attachments: # 1 Memorandum Memorandum in Support of Motion, # 2Exhibit Proposed Amicus Brief, # 3 Exhibit Declaration of Alan Beck, # 4 Supplement Certificate of Service)(Beck, Alan) (Entered: 12/20/2012) |
| 11/30/2012 | 66 | EP: Status Conference Re: Trial Date and Other Deadlines held. On or before 12/31/2012, Plaintiff to file Motion For Preliminary Injunction in this case. A hearing on Plaintiff's Motion for Preliminary Injunction will be held on 4/1/2013 @ 10:00 a.m. before Judge Alan C. Kay. (C7 No Record; 9:16-9:23) (Judge BARRY M. KURREN)(tyk) <br><br> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 11/30/2012) |
| 11/01/2012 | 64 | EO: Status Conference Re: Trial Date and Other Deadlines set for 11/30/2012 @ 9:00 AM before Judge BARRY M. KURREN. D. Scott Dodd to notify the parties. (Judge BARRY M. KURREN)(tyk) <br><br> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 11/01/2012) |
| 10/31/2012 | 65 | ORDER of USCA as to 53 Notice of Appeal filed by City and County of Honolulu, Paul Putzulu, Louis Kealoha (eps ) -- this appeal is voluntarily dismissed <br><br> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 11/01/2012) |
| 10/19/2012 | 63 | TRANSCRIPT of Proceedings 1) Dft. City's amended mt. for partial dismissal of complaint 2) Dft. Kealoha's mt. to dismiss partial of complaint filed Sept. 28, 2011 held on April 9, 2012, - before Judge Alan C. Kay. Court Reporter/Transcriber Gloria T. Bediamol, Telephone number (808) 541-2060. Transcript may be viewed at the court public terminal or ordered through the Court Reporter/Transcriber before the deadline for Release of Transcript. Remote availability of electronic transcripts is regulated by FRCP 5.2(a),FRCrP 49.1(a) and FRBP 9037(a) Redaction Request due 11/6/2012. Redacted Transcript Deadline set for 11/16/2012. Release of Transcript Restriction set for 1/14/2013. pp. 35. (gb@hid.uscourts.gov) (Entered: 10/19/2012) |
| 10/11/2012 | 62 | TRANSCRIPT of Proceedings, Motion for Preliminary Injunction, held on |

| | | June 14, 2012, - before Senior Judge Alan C. Kay. Court Reporter Katherine Eismann, Telephone number (808)541-2062. Transcript may be viewed at the court public terminal or ordered through the Court Reporter before the deadline for Release of Transcript. Remote availability of electronic transcripts is regulated by FRCP 5.2(a),FRCrP 49.1(a) and FRBP 9037(a) Redaction Request due 10/29/2012. Redacted Transcript Deadline set for 11/8/2012. Release of Transcript Restriction set for 1/7/2013. (38 pp.) (ke@hid.uscourts.gov) (Entered: 10/11/2012) |
|---|---|---|
| 10/09/2012 | 61 | TRANSCRIPT Designation and Ordering Form by City and County of Honolulu, Louis Kealoha for proceedings held on 04/09/2012 (Gloria Bediamol); 06/14/2012 (Katherine Eismann before Judge ALAN C KAY, (eps)No COS issued for this docket entry (Entered: 10/10/2012) |
| 10/09/2012 | 60 | EO: In light of the 53 Notice of Appeal as to 35 Order on Motion for Preliminary Injunction, Further Settlement Conference Date set for 10/23/2012 is vacated. Scott Dodd to notify the parties. (Judge BARRY M. KURREN)(tyk) <hr> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 10/09/2012) |
| 10/09/2012 | 59 | CERTIFICATE OF SERVICE by City and County of Honolulu, Louis Kealoha *Re: Transcript Designation and Ordering Form* (Dodd, D.) (Entered: 10/09/2012) |
| 10/04/2012 | 58 | EO: Court hereby Orders that the JurySelection/Jury Trial date of 11/14/2012, Final PreTrial Conference Date of 10/5/2012 and all Trial related Deadlines are hereby vacated per the filing of the Notice of Appeal as to 35 Order on Motion for Preliminary Injunction (Doc. 53). Counsel are to notify Judge Kurrens Courtroom Manager Tammy Kimura to address the Further Settlement Conference Date set for 10/23/2012 whether this date should be vacated. (JUDGE ALAN C KAY)(lls, ) <hr> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 10/04/2012) |
| 10/03/2012 | 57 | USCA Appeal Fees received $ 455.00 receipt number HI005402 re 53 Notice of Appeal filed by City and County of Honolulu, Paul Putzulu, Louis Kealoha (eps ) <hr> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 10/03/2012) |
| 10/02/2012 | 56 | Pretrial Conference Statement by City and County of Honolulu, Louis Kealoha *Final*. (Attachments: # 1 Certificate of Service)(Dodd, D.) |

| | | |
|---|---|---|
| | | (Entered: 10/02/2012) |
| 10/02/2012 | | CORRECTIVE ENTRY. The filing fee of $455.00 is due as to entry docket number 53 Notice of Appeal re Preliminary Injunction filed by City and County of Honolulu, Paul Putzulu, Louis Kealoha. The filing party shall submit the Filing Fee to the Clerk's Office, District of Hawaii. (eps) (Entered: 10/02/2012) |
| 10/02/2012 | 55 | USCA Time Schedule Order as to 53 Notice of Appeal re Preliminary Injunction filed by City and County of Honolulu, Paul Putzulu, Louis Kealoha. (eps) <br> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 10/02/2012) |
| 10/02/2012 | 54 | USCA Case Number CA 12-17199 for 53 Notice of Appeal re Preliminary Injunction filed by City and County of Honolulu, Paul Putzulu, Louis Kealoha. (eps) <br> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 10/02/2012) |
| 10/01/2012 | 53 | NOTICE OF APPEAL as to 35 Order on Motion for Preliminary Injunction,,, by City and County of Honolulu, Louis Kealoha, Paul Putzulu. (Attachments: # 1 Certificate of Service)(Dodd, D.) (Entered: 10/01/2012) |
| 09/28/2012 | 52 | Pretrial Conference Statement by Kirk C. Fisher. (Attachments: # 1 Certificate of Service)(Ickes, Te-Hina) (Entered: 09/28/2012) |
| 09/24/2012 | 51 | EO: Further Settlement Conference set for 10/23/2012 10:00 AM before Judge BARRY M. KURREN. Confidential Settlement Conference statements due: 10/16/12. (Judge BARRY M. KURREN)(sna, ) <br> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 09/24/2012) |
| 09/11/2012 | 50 | ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION 39 . Signed by JUDGE ALAN C KAY on 09/11/2012. (eps) <br> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 09/11/2012) |
| 09/11/2012 | 49 | CERTIFICATE OF SERVICE by City and County of Honolulu *Regarding Initial Disclosure Statement* (Dodd, D.) (Entered: 09/11/2012) |

| | | |
|---|---|---|
| 09/07/2012 | 48 | CERTIFICATE OF SERVICE by Kirk C. Fisher *regarding Plaintiff's Initial Disclosures* (Ickes, Te-Hina) (Entered: 09/07/2012) |
| 09/05/2012 | 47 | EO: The Final Pretrial Conference set for 10/2/2012 is CONTINUED to 10/5/2012 at 09:30 AM before Judge BARRY M. KURREN. Final Pretrial Statements are now due on 9/28/2012. (Judge BARRY M. KURREN)(kur1)<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 09/05/2012) |
| 08/31/2012 | 46 | REPLY to Response to Motion re 39 MOTION for Reconsideration re 35 Order on Motion for Preliminary Injunction,,, MOTION for Reconsideration re 35 Order on Motion for Preliminary Injunction,,, filed by City and County of Honolulu, Louis Kealoha. (Attachments: # 1 Certificate of Service)(Dodd, D.) (Entered: 08/31/2012) |
| 08/24/2012 | 45 | MEMORANDUM in Opposition re 39 MOTION for Reconsideration re 35 Order on Motion for Preliminary Injunction,,, MOTION for Reconsideration re 35 Order on Motion for Preliminary Injunction,,, filed by Kirk C. Fisher. (Attachments: # 1 Certificate of Service)(Ickes, Te-Hina) (Entered: 08/24/2012) |
| 08/20/2012 | 44 | EP: Settlement Conference was held. No settlement at this time. Further Settlement Conference on call. (Chambers no record 10:00-10:08 a.m.) (Judge BARRY M. KURREN)(kur1)<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 08/20/2012) |
| 08/02/2012 | 43 | SUPPLEMENT re 39 MOTION for Reconsideration re 35 Order on Motion for Preliminary Injunction,,, MOTION for Reconsideration re 35 Order on Motion for Preliminary Injunction,,, filed by City and County of Honolulu, Louis Kealoha by City and County of Honolulu, Louis Kealoha *Submission of Table of Contents and Table of Authorities.* (Attachments: # 1 Table of Contents, # 2 Table of Authorities, # 3 Certificate of Service)(Dodd, D.) (Entered: 08/02/2012) |
| 08/02/2012 | | ADVISORY ENTRY. The filing party has advised the Clerks Office that the incorrect pdf image was affixed to docket number 42 City Defendants' Submission of Table of Contents nad Table of Authorities filed by City and County of Honolulu, Louis Kealoha. A corrected filing will be submitted. (emt, ) (Entered: 08/02/2012) |
| 08/02/2012 | 42 | SUPPLEMENT re 39 MOTION for Reconsideration re 35 Order on Motion for Preliminary Injunction,,, MOTION for Reconsideration re 35 Order on Motion for Preliminary Injunction,,, filed by City and County of Honolulu, Louis Kealoha by City and County of Honolulu, |

| | | |
|---|---|---|
| | | Louis Kealoha *Submission of Table of Contents and Table of Authorities*. (Attachments: # 1 Table of Contents, # 2 Table of Authorities, # 3 Certificate of Service)(Dodd, D.) (Entered: 08/02/2012) |
| 08/02/2012 | | ADVISORY ENTRY. The filing party has advised that the incorrect pdf image was attached to docket number 41 Supplement, filed by City and County of Honolulu, Louis Kealoha. A corrected filing will be submitted. (emt, ) (Entered: 08/02/2012) |
| 08/02/2012 | 41 | SUPPLEMENT re 39 MOTION for Reconsideration re 35 Order on Motion for Preliminary Injunction,,, MOTION for Reconsideration re 35 Order on Motion for Preliminary Injunction,,, filed by City and County of Honolulu, Louis Kealoha by City and County of Honolulu, Louis Kealoha *Table of Contents*. (Attachments: # 1 Table of Authorities)(Dodd, D.) (Entered: 08/02/2012) |
| 07/30/2012 | 40 | ANSWER to 31 Amended Complaint by City and County of Honolulu, Louis Kealoha. (Attachments: # 1 Demand for jury trial, # 2 Certificate of Service)(Dodd, D.) (Entered: 07/30/2012) |
| 07/27/2012 | 39 | MOTION for Reconsideration re 35 Order on Motion for Preliminary Injunction,,, D. Scott Dodd appearing for Defendants City and County of Honolulu, Louis Kealoha (Attachments: # 1 Memorandum in Support of Motion, # 2 Declaration of Charlene Ikeda, # 3 Declaration of Counsel, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Certificate of Service)(Dodd, D.) (Entered: 07/27/2012) |
| 07/12/2012 | 38 | STIPULATED MOTION TO ALLOW CITY DEFENDANTS AN EXTENSION OF TIME WITHIN WHICH TO FILE CITY DEFENDANTS' MOTION FOR RECONSIDERATION OF JUNE 29, 2012 ORDER GRANTING PLAINTIFF KIRK C. FISHER'S MOTION FOR A PRELIMINARY INJUNCTION, AND TO ALLOW CITY DEFENDANTS TO FILE AN ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND ORDER. Signed by JUDGE ALAN C KAY on 07/12/2012. (eps ) -- City Defendants have until Friday, July 27, 2012 to file a motion for reconsideration of the Court's June 29, 2012 Order and to file an answer to Plaintiff's First Amended Complaint.<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 07/12/2012) |
| 07/09/2012 | 37 | Return of Service on Subpoena Custodian of Records Circuit Court of the First Circuit was served on 7/5/2012 (ecs, ) (Entered: 07/09/2012) |
| 07/06/2012 | | ADVISORY ENTRY. Please be advised that on 12/15/2011, Docket Entry 7 NOTICE of Case Reassignment: instructed parties to reflect **Civil Case Number CIV NO. 11-00589 ACK-BMK** on all further pleadings. The most recent entry, docket entry 36 Certificate of Service filed by City and County of Honolulu is notated with the incorrect judge presider. The filing party need not re-submit a corrected filing.(eps (Entered: 07/06/2012) |

| | | |
|---|---|---|
| 07/05/2012 | 36 | CERTIFICATE OF SERVICE by City and County of Honolulu *Notice of taking Deposition Upon Written Interrogatories; Interrogatories (Custodian of Records---Circuit Court of the First Circuit--Legal Documents)* (Dodd, D.) (Entered: 07/05/2012) |
| 06/29/2012 | 35 | ORDER GRANTING PLAINTIFF KIRK C. FISHER;S MOTION FOR A PRELIMINARY INJUNCTION 18 . Signed by JUDGE ALAN C KAY on 06/29/2012. (eps) -- the Court GRANTS Plaintiff's Motion for a Preliminary Injunction, and ORDERS Defendant Kealoha to rescind the prior denial of Plaintiff's permit to acquire firearms and to issue a permit authorizing Plaintiff to acquire firearms. <br><br> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 06/29/2012) |
| 06/27/2012 | 34 | MEMORANDUM in Opposition re 18 MOTION for Preliminary Injunction *Supplemental* filed by City and County of Honolulu, Louis Kealoha. (Attachments: # 1 Certificate of Service)(Dodd, D.) (Entered: 06/27/2012) |
| 06/21/2012 | 33 | SUPPLEMENT re 18 MOTION for Preliminary Injunction filed by Kirk C. Fisher by Kirk C. Fisher. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Ickes, Te-Hina) (Entered: 06/21/2012) |
| 06/14/2012 | 32 | EP:Motion Hearing held on 6/14/2012 re 18 MOTION for Preliminary Injunction filed by Kirk C. Fisher-Oral Discussion Held. Plaintiffs Counsel will submit the Transcript from the Family Court Hearings pertaining to the Plaintiff by Thursday, 6/21/2012. The Defendants will be given four business days from 6/21/2012 to respond to any transcript and/ or memorandum that the Plaintiff files. The Motion for Preliminary Injunctions is taken under advisement. (Court Reporter Katherine Eismann.) (JUDGE ALAN C KAY)(lls, )No COS issued for this docket entry (Entered: 06/14/2012) |
| 06/14/2012 | 31 | AMENDED COMPLAINT against All Defendants, filed by Kirk C. Fisher. (Attachments: # 1 Demand for Jury Trial, # 2 Certificate of Service)(Ickes, Te-Hina) (Entered: 06/14/2012) |
| 06/08/2012 | 30 | EO: 18 Plaintiff's MOTION for Preliminary Injunction set for Court Hearing on 6/14/2012 at 10:30 AM before JUDGE ALAN C KAY. (Please Note: This Hearing was previously set for 10:00 a.m. There was no Courtroom available for Judge Kay to use at 10:00 a.m.) (JUDGE ALAN C KAY)(lls, ) <br><br> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry Modified on 6/15/2012 (lls, ). (Entered: 06/08/2012) |

| 06/04/2012 | 29 | REPLY re 27 Memorandum in Opposition to Motion *for Preliminary Injunction* filed by Kirk C. Fisher. (Ickes, Te-Hina) (Entered: 06/04/2012) |
|---|---|---|
| 05/23/2012 | 28 | EO:The Court hereby GRANTS Defendants Stipulated Motion to Allow City Defendants an Extension of Time Within Which to File City Defendants Opposition to Plaintiff Kirk C. Fishers Motion for Preliminary Injunction Filed 3/19/2012. The hearing on Plaintiffs Motion for a Preliminary Injunction is hereby continued and set for 10:00 a.m. on Thursday, 6/14/2012. Defendants filed their opposition on 5/23/2012, and Plaintiffs reply is due by Monday, 6/4/2012. (JUDGE ALAN C KAY)(lls, )<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 05/23/2012) |
| 05/23/2012 | 27 | MEMORANDUM in Opposition re 18 MOTION for Preliminary Injunction filed by City and County of Honolulu, Louis Kealoha. (Attachments: # 1 Certificate of Service)(Dodd, D.) (Entered: 05/23/2012) |
| 05/22/2012 | 26 | STIPULATION re 18 MOTION for Preliminary Injunction *STIPULATED MOTION TO ALLOW CITY DEFENDANTS AN EXTENSION OF TIME WITHIN WHICH TO FILE CITY DEFENDANTS' OPPOSITION* by City and County of Honolulu, Louis Kealoha. (Attachments: # 1 Certificate of Service)(Dodd, D.) Modified on 5/23/2012 : pursuant to minute order, this entry is modified. The correct filing event is a Motion rather than a stipulation (eps ). (Entered: 05/22/2012) |
| 04/19/2012 | 25 | ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR "PARTIAL" DISMISSAL OF THE COMPLAINT, AND GRANTING IN PART AND DENYING IN PART DEFENDANT LOUIS KEALOHA'S MOTION FOR "PARTIAL" DISMISSAL OF THE COMPLAINT re 10 , 16 . Signed by JUDGE ALAN C KAY on 04/19/2012. (eps)<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 04/19/2012) |
| 04/09/2012 | 24 | EP:Motions Hearing held on 4/9/2012 10 Defendant City and County of Honolulu Amended Motion to Dismiss for Partial Dismissal of Complaint Filed September 28, 2011 and 16Defendant Louis Kealohas Motion for Partial Dismissal of Complaint filed 9/28/2011. Oral Discussion Held. Motions' are hereby taken under Advisement. (Court Reporter Gloria Bediamol.) (JUDGE ALAN C KAY)(lls, )No COS issued for this docket entry (Entered: 04/09/2012) |
| 03/26/2012 | 23 | REPLY re 10 AMENDED MOTION for Partial Dismissal of Complaint Filed September 28, 2011 filed by City and County of Honolulu, Honolulu |

| | | |
|---|---|---|
| | | Police Department, Louis Kealoha. (Attachments: # 1 Certificate of service)(Dodd, D.) (Entered: 03/26/2012) |
| 03/21/2012 | 22 | NOTICE of Hearing on Motion 18 Plaintiff's MOTION for Preliminary Injunction set for 6/4/2012 at 10:00 AM before JUDGE ALAN C KAY. (lls, )<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry. (Entered: 03/21/2012) |
| 03/20/2012 | 21 | EO: 16 Defendant Louis Kealoha's MOTION For Partial Dismissal of Complaint filed September 28, 2011, 10 Defendant City and County of Honolulu's AMENDED MOTION for Partial Dismissal of Complaint Filed September 28, 2011 and Defendant City and County of Honolulu's 6 MOTION to Dismiss *for Partial Dismissal of Complaint Filed September 28, 2011* set for court hearing on 4/9/2011 @ll:00 a.m. instead of 10:00 a.m. before JUDGE ALAN C KAY. (Please Note-The Change in Hearing time from 10:00 a.m. to 11:00 a.m.) (JUDGE ALAN C KAY)(lls, )<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 03/20/2012) |
| 03/19/2012 | 20 | MEMORANDUM in Opposition re 16 MOTION For Partial Dismissal *partial of complaint filed September 28, 2011* filed by Kirk C. Fisher. (Attachments: # 1 Subject Index, #2 Table of Authorities, # 3 Certificate of Service)(Ickes, Te-Hina) (Entered: 03/19/2012) |
| 03/19/2012 | 19 | MEMORANDUM in Opposition re 10 AMENDED MOTION for Partial Dismissal of Complaint Filed September 28, 2011, 6 MOTION to Dismiss *for Partial Dismissal of Complaint Filed September 28, 2011* filed by Kirk C. Fisher. (Attachments: # 1 Subject Index, # 2 Table of Authorities, # 3 Certificate of Service)(Ickes, Te-Hina) (Entered: 03/19/2012) |
| 03/19/2012 | 18 | MOTION for Preliminary Injunction Te-Hina Te-Moana Ickes appearing for Plaintiff Kirk C. Fisher (Attachments: # 1 Subject Index and Table of Authorities, # 2 Memorandum in Support, # 3 Declaration of Kirk C. Fisher, # 4 Certificate of Service)(Ickes, Te-Hina) (Entered: 03/19/2012) |
| 01/25/2012 | | ADVISORY ENTRY. The Docket Numbers 10 AMENDED MOTION for Partial Dismissal of Complaint Filed September 28, 2011 filed by City and County of Honolulu, and 16 MOTION For Partial Dismissal of Complaint filed September 28, 2011 filed by Louis Kealoha are filed incorrectly in this case. Counsel affixed the incorrect presider to the case number. Please refer to docket entry 7 : NOTICE of Case Reassignment: Please reflect Civil Case Number CIV NO. 11-00589 ACK-BMK on all further pleadings. In addition, Page ID#s 85, 99 & 101 to docket entry 10 contain red font color which may indicate the attachment of a draft revision rather than the entry of the final revision. No |

| | | |
|---|---|---|
| | | further action necessary. (eps) (Entered: 01/25/2012) |
| 01/25/2012 | 17 | NOTICE of Hearing on Motion 16 Defendant Louis Kealoha's MOTION to Dismiss *partial of complaint filed September 28, 2011 set for Court Hearing on 4/9/2012 at 10:00 AM before JUDGE ALAN C KAY. (lls, )*<br><br>CERTIFICATE OF SERVICE<br>*Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry.* *(Entered: 01/25/2012)* |
| 01/24/2012 | 16 | MOTION For Partial Dismissal *partial of complaint filed September 28, 2011* D. Scott Dodd appearing for Defendant Louis Kealoha (Attachments: # 1 Memorandum in Support of Motion, # 2 Certificate of Service)(Dodd, D.) Modified on 1/25/2012 **correcting motion event and to reflect Motion For Partial Dismissal and adding City & County of Honolulu in addition to Louis Kealoha as the filing party** (eps ). (Entered: 01/24/2012) |
| 01/18/2012 | 15 | RULE 16 SCHEDULING ORDER:. Signed by Judge BARRY M. KURREN on 1/18/12. (eps)<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry. (Entered: 01/18/2012) |
| 01/12/2012 | 14 | EP: Rule 16 Scheduling Conference was held. New dates and deadlines are given below. Court to prepare scheduling order. Jury Selection/Trial set for 09:00 AM on 11/14/2012 before JUDGE ALAN C KAY. Final Pretrial Conference set for 10/2/2012 09:00 AM before Judge BARRY M. KURREN. Settlement Conference set for 8/20/2012 10:00 AM before Judge BARRY M. KURREN. Motions due by 6/13/2012. Discovery due by 9/14/2012. (C7 no record 9:32-9:34 a.m.) (Judge BARRY M. KURREN)(kur1)<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry. (Entered: 01/12/2012) |
| 01/09/2012 | 13 | NOTICE of Hearing on Motion 10 Defendant City and County of Honolulu's AMENDED MOTION for Partial Dismissal of Complaint Filed September 28, 2011 set for Court hearing on 4/9/2012 at 10:00 AM before JUDGE ALAN C KAY. (lls, )<br><br>CERTIFICATE OF SERVICE<br>Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry. (Entered: 01/09/2012) |
| 01/06/2012 | 12 | Scheduling Conference Statement. (Ickes, Te-Hina) (Entered: 01/06/2012) |
| 01/05/2012 | 11 | Scheduling Conference Statement. (Attachments: # 1 Certificate of Service)(Dodd, D.) (Entered: 01/05/2012) |

| 01/04/2012 | 10 | MOTION to Amend/Correct 6 MOTION to Dismiss *for Partial Dismissal of Complaint Filed September 28, 2011* D. Scott Dodd appearing for Defendant City and County of Honolulu (Attachments: # 1 Memorandum in Support of Motion, # 2 Certificate of Service)(Dodd, D.) Modified on 1/5/2012 : **correcting motion event and to reflect Amended Motion For Partial Dismissal** (eps). (Entered: 01/04/2012) |
|---|---|---|
| 12/27/2011 | 9 | EO: The Rule 16 Scheduling Conference set for 1/9/2012 is CONTINUED to 09:30AM on 1/12/2012 before Judge BARRY M. KURREN. Rule 16 Scheduling Conference Statements, if not already submitted, are due on 1/5/2012. (Judge BARRY M. KURREN)(kur1) <br><br> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 12/27/2011) |
| 12/15/2011 | 8 | NOTICE of Hearing on Motion 6 Defendant City and County of Honolulu's MOTION to Dismiss *for Partial Dismissal of Complaint Filed September 28, 2011 set for Court Hearing on 4/9/2012 at 10:00 AM before JUDGE ALAN C KAY. (lls, )* <br><br> *CERTIFICATE OF SERVICE* <br> *Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry.* (Entered: 12/15/2011) |
| 12/15/2011 | 7 | NOTICE of Case Reassignment: Please reflect Civil Case Number CIV NO. 11-00589 ACK-BMK on all further pleadings. (eps) <br><br> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry. (Entered: 12/15/2011) |
| 12/09/2011 | 6 | MOTION to Dismiss *for Partial Dismissal of Complaint Filed September 28, 2011* D. Scott Dodd appearing for Defendant City and County of Honolulu (Attachments: # 1 Memorandum in Support of Motion, # 2 Certificate of Service)(Dodd, D.) (Entered: 12/09/2011) |
| 09/30/2011 | 5 | **AMENDED** Order Setting Rule 16 Scheduling Conference for 09:00AM on 1/9/2012 before Judge BARRY M. KURREN. Signed by Judge BARRY M. KURREN on 9/30/2011. (ecs, ) <br><br> CERTIFICATE OF SERVICE <br> Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 09/30/2011) |
| 09/28/2011 | 4 | Filing fee: $ 350.00,receipt number HI001182 1 (ecs, ) (Entered: 09/30/2011) |
| 09/28/2011 | 3 | NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE. (Attachments: # 1 Election Form - Consent to Jurisdiction by US |

| | | |
|---|---|---|
| | | Magistrate Judge)(ecs, ) (Entered: 09/30/2011) |
| 09/28/2011 | 2 | Order Setting Rule 16 Scheduling Conference for 09:00AM on 12/26/2011 before Judge BARRY M. KURREN. Signed by JUDGE SUSAN OKI MOLLWAY on 9/28/2011. (Attachments: # 1 Memorandum re: Corporate Disclosure Statements)(ecs, )No COS issued for this docket entry (Entered: 09/30/2011) |
| 09/28/2011 | 1 | COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS against City and County of Honolulu, Honolulu Police Department, Louis Kealoha, Paul Putzulu, filed by Kirk C. Fisher. (Attachments: # 1 Demand for Jury Trial, # 2 Summons (issued), # 3 Civil Cover Sheet)(ecs, ) (Entered: 09/30/2011) |

# CERTIFICATE OF SERVICE

On this, the 13th day of November 2014, I served the foregoing Excerpts of Record by electronically filing it with the Court's CM/ECF system, which generated a Notice of Filing and effects service upon counsel for all parties in the case.

I declare under penalty of perjury that the foregoing is true and correct.

<div align="right">

/s/ Donald L. Wilkerson
Donald L. Wilkerson
Counsel for Appellant

</div>